## SWENEHART V. STRATHMAN *et al.*

The compulsory education act (Laws 1897, p. 138, Chap. 7) provides that where pupils reside at an unreasonable distance from the nearest school house, the "school board may make reasonable financial provision" for their transportation to some other school in the district; and that, when any school is discontinued by the board, it shall make arrangements for the transfer of pupils to some other school. *Held*, that since such act is for the benefit of the individual and public generally, the word "may," as used therein, means "must," and hence mandamus will lie to compel a school board to maintain a school in a school house within a mile of plaintiff's residence, or provide transportation for his child to the only other school in the district, four miles distant.

(Opinion filed January 10, 1900.)

Appeal from circuit court, Clark county. Hon. JULIAN BENNETT, Judge.

Application for mandamus by John Swenehart against Charles Strathman and others, constituting a district school board. From an order overruling a demurrer to the petition, defendants appeal. Affirmed.

The facts are stated in the opinion.

*S. A. Keenan*, for appellants.

The acts sought to be enforced by the writ rest in the sound discretion of the school board, and its action thereon cannot be coerced by mandamus. Suth. Stat. Const. § 460, 14 Am. & Eng. Enc. of Law 140; 13 Am. Enc. of Plead. & Prac. 497; Jacobs v. Board, 34 Pac. 630; McDougall v. Bell, 4 Cal. 177; High. Ex. Leg. Rem. § 24; State v. Corey, 49 N. W. 164; Heintz v. Moulton, 64 N. W. 135.

Respondent had a plain, speedy and adequate remedy by appeal, and therefore mandamus would not lie. § 21 sub. Chap.

2, Chap. 57, Laws of 1897; Barnett v. Board, 34 N. W. 780; Marshall v. Sloan, 35 Ia. 445; State v. Corey, 41 N. W. 256.

C. G. Sherwood, for respondent.

Having established the fact that the school board had failed to perform a duty arising from an office, and had the ability to perform the same, respondent was entitled to a mandamus. Comp. Laws § 5517. High. Ex. Leg. Rem. § 24; Hancock v. District Township of Perry, 43 N. W. 527; 14 Am. & Eng. Enc. of Law 174; Jacobs v. Board, 34 Pac. 630.

The remedy by appeal was neither speedy nor adequate. Respondent's children would have lost the benefit of the spring term of school before an appeal could have been heard. Mandamus therefore would lie. City of Huron v. Campbell, 53 N. W. 182; High. Ex. Leg. Rem. §§ 17, 20.

FULLER, P. J. This is an appeal from an order overruling a demurrer to an application for a mandamus by which to require the defendants, constituting a district school board, to maintain a certain school, or make reasonable financial provisions for the transportation of relators children to another school, now in session, within the district. It is shown by the petition that respondent, a resident of the school district, has two children, 8 and 17 years of age, respectively, both in good health, and capable of attending school continuously, if granted such privilege; that for more than a year appellants have neglected and now refuse to maintain a school in a school house located one mile from respondent's place of residence; and the only school provided by said board for the entire township is four miles distant by section lines, and 3¾ miles away by the nearest route that his children could travel by reason of inter-

vening cultivated fields.  The petition being wholly sufficient if the action of a district school board or its members with reference to the subject-matter can ever be controlled by mandamus, such further facts as may be found necessary will be stated in connection with the law applicable thereto.

In this state every child in good health and of the age mentioned in the petition must be sent to school for at least 12 weeks annually, and every person having such child under his control, who neglects such duty, is subject to a fine, and the costs of prosecution, for which he shall be imprisoned in case of default in the payment of both fine and costs.  Chapter 7, page 138, Laws 1897.  In addition to the imposition of a fine of not less than $10 nor more than $20 upon every school officer failing or neglecting to perform the duties required of him by the foregoing chapter, entitled "Compulsory Education," the statute further provides that the district board "shall organize, maintain, and conveniently locate schools for the education of all children of school age within the district.  When pupils reside at an unreasonable distance from their nearest school house in the school district, the school board may make reasonable financial provision for the transportation of such pupils to some other school in the district or for their tuition in some other district.  * * *  Any school may be discontinued by the district board who shall make arrangements for the transfer of pupils to some other school, and for their tuition therein."  Chapter 5, p. 131, *Id.*  Admitting for the purpose of the demurrer the facts stated in the petition, it is established that appellants, without the slightest excuse therefor, have deprived respondent of a substantial right by neglecting and refusing to perform a duty expressly enjoined by statute.  Construed in

the light of the compulsory feature of our school system, district school boards must, in one of the ways provided by statute, furnish reasonable school facilities for the education of all children of school age within their respective districts; and having, in this instance, discontinued the school within the reach of respondent's child, 8 years of age, mandamus is a proper remedy to require appellants to either maintain such school or make reasonable financial provision for the transportation of such pupil to the only school which they have seen fit to provide for the entire district.   Great stress is laid by counsel upon the expression, "the school board may make reasonable financial provision," etc., and it is urged that the entire matter is thereby left to the sound discretion of the board; but, according to the prevailing rule, "may" means "must" when public interest and individual rights call for the exercise of powers given, not for the benefit of school or other officers, but for the individual and the public generally.   Says Mr. Justice SWAYNE, in the case of Supervisors of Rock Island Co. v. U. S., 4 Wall, 435, 18 L. Ed. 419:   "When the statute directs the doing of a thing for the sake of justice or the public good, the word 'may' is the same as the word 'shall.'   *   *   *   The language used, though permissive in form, is in fact peremptory.   What they are empowered to do for a third person, the law requires shall be done. The power is given, not for their benefit, but for his.   It is placed with the depository to meet the demands of right, and to prevent a failure of justice.   It is given as a remedy to those entitled to invoke its aid, and who would otherwise be remediless.   In all such cases it is held that the intent of the legislature, which is the test, was not to devolve a mere discretion but to impose 'a positive and absolute duty.'   The line which

separates this class of cases from those which involve the exercise of a discretion, judicial in its nature, which courts cannot control, is too obvious to require remark." The circuit court properly overruled the demurrer, and the order appealed from is affirmed.