## STEPHENS et al. v. JONES et al.

Laws 1907, p. 230, c. 135, § 70, entitled "An act to establish a uniform system of education for the state of South Dakota, and to repeal certain legislation relating thereto," did not violate Const. art. 3, § 21, as containing more than one subject embraced in its title; the provision with reference to repeal being incidental to the main subject.

In the absence of constitutional limitation, the Legislature has inherent plenary power to create, alter, or extend the boundaries of school districts at pleasure without consulting any of the inhabitants thereof, though it may make taxation more burdensome by authorizing the formation of new districts, or by creating new districts by consolidation.

The Legislature's power to create school districts may be delegated to subordinate bodies or officers.

Where a statutory power is granted which before did not exist, whether to a court or officer, the mode of proceeding must be strictly pursued; the provisions regulating the procedure being mandatory as to the essence of the thing required to be done.

Laws 1907, p. 230, c. 135, § 70, declares that, on receipt of a petition signed by a majority of the qualified electors of any civil township in the county having districts smaller than civil townships, the county commissioners and the county superintendent of schools shall declare that the school districts shall comprise a school township district, and the county superintendent shall appoint the necessary officers who shall hold office until the next election. **Held,** that such section delegates to the board power to consolidate districts under the circumstances prescribed, and that the board and the county superintendent are under a mandatory duty to consolidate such districts on the presentation of a petition signed by a majority of the voters.

Where an officer's duty necessarily requires examination of evidence in the decision of questions of law and fact, the duty is not ministerial, but judicial or discretionary. An act, however, is none the less ministerial because the person performing it may have to satisfy himself that a state of fact exists under which it is his right and duty to perform the act, though in doing so he must to some extent construe the statute by which the duty is imposed.

The duty of county commissioners and the county superintendent of schools to consolidate school districts under Laws 1907, p. 230, c. 135, § 70, on receipt of a petition signed by a majority of the qualified voters of a civil township having districts smaller than civil townships, is ministerial, so that performance may be enforced by mandamus.

(Opinion filed, Nov. 19, 1909.)

Appeal from Circuit Court, Spink County. Hon. CHAS. S. WHITING, Judge.

Mandamus on petition of Charles M. Stephens and others against William J. Jones and others. From a decree for complainants, defendants appeal. Affirmed.

*Bruell & Morris* and *R. T. Bull,* for appellants. *M. Moriarty,* for respondents.

McCOY, J. Section 70, c. 135, p. 230, Sess. Laws 1907, provides: "Upon the receipt of a petition signed by a majority of the qualified electors of any civil township in said county having districts smaller than civil townships, the county commissioners and the county superintendent of schools shall declare that the school district shall comprise a school township district, and the county superintendent shall appoint the necessary officers as hereinafter provided in section 90, who shall hold until the next election." The civil township of Tulare, Spink county, is composed of two

school districts, each smaller than a civil township, known as districts No. 27 and No. 28 of said county. At the July, 1907, meeting of the board of county commissioners of said county there was presented and filed a petition signed by a majority of the qualified electors of said Tulare civil township, asking that said civil township be declared to be a single school township district, as provided by said section 70, c. 135, p. 230, Laws 1907, and requesting the county superintendent of schools to appoint the necessary officers for said district; and the said board of county commissioners, acting in conjunction with the county superintendent of schools, rejected said petition and refused to declare said civil township to be a single school district. Thereafter the plaintiffs, as taxpayers and parents of children of school age residing in said Tulare civil township, commenced this action in mandamus against the defendants, who are the members of the said board of county commissioners and the said county superintendent, to compel them to declare said civil township to be one school township district, and to compel said superintendent of schools to appoint said necessary officers therefor. The defendants answered in said action, denying that said petition was signed by a majority of the qualified electors of said township, and alleging that a counter-petition had been presented, signed by a number of the electors of said township, alleging that the consolidation of said two school districts would be very inequitable and unjust to the taxpayers of said district No. 28, which has good school buildings and no school debt, while the said district No. 27 had poor and insufficient school buildings and an indebtedness, which, under such consolidation, the taxpayers of district No. 28 would be required to pay a portion thereof. A trial before the court without a jury resulted in findings and judgment in favor of plaintiffs. A motion for new trial being overruled, the defendants have appealed to this court, and by proper objections and exceptoins have raised the following questions of law: (1) That section 70, c. 135, p. 230, Sess. Laws 1907, is unconstitutional; (2) that, if constitutional, it is directory only, and not mandatory; (3) that mandamus is not the proper remedy to control such action of the board of county commissioners and county superintendent.

. It is first contended that this section 70 is unconstitutional because the title of the act relates to two distinct and specific subjects, being as follows: "An act 'to establish a uniform system of education for the state of South Dakota, and to repeal certain legislation relating thereto"—as being in conflict with section 21, article 3, State Const., which reads: "No law shall embrace more than one subject, which shall be expressed in its title." But we are of the opinion that there is but one subject embraced or expressed in this title. The only subject expressed in this title is the establishment of a uniform system of education for the state of South Dakota, and that portion of said title, "To repeal certain legislation relating thereto," is only incidental to the main subject, as a part there of, which might be necessary in order to accomplish the establishment of the uniform system intended. This section of our Constitution should receive a liberal construction. Garrigan v. Kennedy, 19 S. D. 11, 101 N. W. 1081, 117 Am. St. Rep. 927.

The appellants next contended that the provisions of said section 70 are directory only, and not mandatory. In the absence of constitutional limitation, the Legislature in the exercise of its inherent plenary power may create, alter, or extend the boundaries of school districts at pleasure without consulting any of the inhabitants thereof, and although it may make taxation more burdensome, such as authorizing the formation of new districts or by creating new districts by consolidating two or more districts. 25 Am. & Eng. En y. 34; 28 Cyc. 195, 197; School Dist. v. Zediker, 4 Okla. 599, 47 Pac. 482; Dillon, Mun. Corps. § 54; Ingersoll, Pub. corps. §§ 140-156. There are no such constitutional limitations in this state. This power of the Legislature over the creation of school districts may be delegated to subordinate bodies and officers. 25 Am. & Eng. Ency. 35, and cases cited. Upon the subject of mandatory statutes, Sutherland on Statutory Construction, § 454, says: "Where a statutory power is granted which otherwise does not exist, whether to a court or to an officer, the mode of proceeding must be strictly pursued. The provisions regulating the procedure are mandatory as to the essence of the thing required to be done." This section 70 undoubtedly delegates and confers

power upon the board of county commissioners and county superintendent which would not otherwise exist but for this statute, and the exercise of the power thus delegated must be strictly construed and mandatory as to the essence of the thing required to be done, which is to declare the civil township to be a single school township district when a petition is received signed by a majority of the qualified electors of the civil township. If it had not been that the legislative mind evidently desired to obtain consent of a majority of the qualified electors of the civil township, as a condition precedent, before declaring such a township so composed of smaller districts to be a single district, the Legislature no doubt would have itself declared that such districts be a single district. The Legislature has provided a means by which the will of a majority of the qualified electors may be ascertained, and having been so ascertained, if favorable, the power to declare the single district created is delegated to the county commissioners and county superintendent. There is no other alternative of any character provided. The commissioners and superintendent are preemptorily required to make the declaration upon the receipt of a petition signed by a majority of the qualified electors. They have no discretion or election in the matter when the required petition has been made.

The case of Whittaker v. Venice, 150 Ill. 195, 37 N. E. 240, in principle is very similar to the case at bar, and in rendering the opinion in that case the court used the following language: "In this statute the Legislature has named the conditions upon which territory may be annexed to the village. These conditions are that a petition must be signed by three-fourths of the legal voters, etc. When these facts exist, the board of trustees may accomplish the annexation by passing an ordinance therefor, and recording the same together with a map of the territory in the recorder's office; but the board is not authorized to determine by the exercise of its own judgment or discretion whether it is wise or unwise, or whether it is good or bad policy to make the annexation. The Legislature could have clothed the board with such discretionary power, but it has not seen fit to do so. On the contrary, having complete control over the subject-matter, the Legislature has de-

termined in advance that the existence of the facts stated settles the question of advisability of the annexation. The only function of the board is to see to it that the territory is located as the statute prescribes, and that the petition is signed as the statute directs." In Swenehart v. Strathman, 12 S. D. 313, 81 N. W. 505, it is held that the statute is mandatory where it calls for the exercise of power given to officers for the benefit of the public generally. Where a statute imposes a duty or confers a power on a public officer for public purposes, the construction is mandatory, and not directory. 26 Cyc. 1591-1593; 20 Am. & Eng. Ency. 239. Hence we conclude that the provisions of section 70, c. 135, p. 230, Laws 1907, are mandatory.

The third contention of appellant is that mandamus is not a proper remedy under the circumstances of this case. The determination of this question depends upon whether or not the duty to be performed by the board of county commissioners and superintendent of schools under section 70, c 135, p. 230, Laws 1907, are of a quasi judicial and discretionary nature, or whether such duties are purely ministerial; it being generally held that mandamus will not lie to control the exercise of official duties which are in their nature judicial and discretionary; while on the other hand, mandamus does lie to compel performance of purely ministerial duties. High on Mandamus, § 80. Where the duty is such as necessarily requires examination of evidence and the decision of questions of law and fact, such a duty is not ministerial, but is a judicial or discretionary duty; but an act is none the less ministerial because the person performing it may have to satisfy himself that the state of facts exist under which it is his right and duty to perform the act, and although in so doing he must to such extent construe a statute by which the duty is imposed. 26 Cyc. 161; Flournoy v. Jeffersonville, 17 Ind. 169, 79 Am. Dec. 468; State v. Lander County Com'rs, 22 Nev. 71, 35 Pac. 300; State v. Murphy, 19 Nev. 89, 6 Pac. 840; Marcum v. Lincoln County Com., 42 W. Va. 263, 26 S. E. 281, 36 L. R. A. 296; Thompson v. Gibbs, 97 Tenn. 489, 37 S. W. 277, 34 L. R. A. 548; Roberts v. U. S., 176 U. S. 221, 20 Sup. Ct. 376, 44 L. Ed. 443. That the duty is ministerial when it is to be performed upon a certain

state of facts, although the officer or body must judge according to their best discretion whether the facts exist, and whether they should perform the act, seems to be the rule established by the weight of authority; otherwise, it is obvious no mandamus could ever lie in any case against public officers. A ministerial act or duty is one which is to be performed under a given state of facts, in a prescribed manner in obedience to the mandate of legal authority,. and without regard to or. exercise of the judgment of the one doing it upon the propriety of the act being done. Under this section 70, the commissioners and superintendent were required to act and declare the civil township a single district upon a given state of facts. They had no discretion in the matter. Their action whereby they rejected the petition was wholly unwarranted and unauthorized and void because they were not invested with power to decide whether such consolidation of said districts was wise or unwise. The Legislature had already decided that question and had peremptorily required that they should declare the single district upon the conditions prescribed by this state. The court found that such conditions existed. There was no attempt by evidence to show otherwise, or that the petition was rejected on grounds other than that the consolidation was injudicious upon the reasons stated therefor in the counter petition. The defendants had no authority to consider such matter or reject the original petition on account thereof, and their said action stands the same as if they had never taken the same, being wholly void and unauthorized.

Finding no error in the record, the judgment of the circuit court and order denying a new trial is affirmed.

WHITING, J., took no part in this decision.