MENAGH et al, Appellants, v. ELVIRA SCHOOL DISTRICT, NO. 4 OF BUFFALO COUNTY, et al, Respondents.

### (210 N. W. 51.)

(File Nos. 5906, 5907.    Opinion filed September 7, 1926.)

1. Schools and School Districts—Order by Two County Commissioners and Superintendent of Schools, Annexing Territory to School District, Held Not Appealable, So as to Bar Action to Annul Proceedings and Enjoin Taxation of Property in Annexed Territory (Rev. Code 1919, §§ 2348, 5886).

   Order by joint committee of two members of board of county commissioners and county superintendent of schools, annexing territory to school district, held not an order made by such board in matter properly before it, within Rev. Code 1919, § 5886, authorizing appeal, so as to bar action to annul proceedings and enjoin taxation of property in annexed territory, under section 2348.

2. Schools and School Districts—Annexation of Unorganized Territory to School District, on Petition of Majority of Legal Voters to County Commissioners and Superintendent of Schools, Held Not Authorized (Rev. Code 1919, §§ 7442, 7445).

   Neither Rev. Code 1919, § 7442, nor section 7445, authorizes annexation of unorganized territory to school district on petition of majority of legal voters of such territory to board of county commissioners and county superintendent of schools.

3. Schools and School Districts—Taxation—Injunction—Owners of Property in Territory Unlawfully Annexed to District May Sue to Annul Proceedings and Enjoin Levy and Collection of Taxes.

   Owners of property in territory unlawfully annexed to school district have special interest entitling them to sue to annul proceedings and enjoin levy and collection of taxes on such property.

4. Action to Enjoin Taxation of Property Annexed to School District May Be Joined With Action to Annul Annexation Proceedings.

   Cause of action to enjoin levy and collection of taxes on property in territory unlawfully annexed to school district may

be joined with action in nature of quo warranto proceeding to annul annexation proceedings.

5.  Schools and School Districts—Obtaining Leave, After Commencing Action, to Bring Action to Annul Annexation Proceedings and Enjoin Taxation Held Substantial Compliance with Statute and Harmless to Defendants.

   Obtaining leave, some time after commencing action, to bring action to annul annexation proceedings and enjoin levy and collection of taxes on property in territory annexed to school district held substantial compliance with statute and harmless to defendants.

---

Note.—See. Headnote (1), (3) and (5), American Key-Numbered Digest, Schools and school districts, Key-No. 111, 35 Cyc. 1050 (Anno); (2) Schools and school districts, Key-No. 32, 35 Cyc. 857; (4) Actions, Key-No. 45(1), 1 C. J. Sec. 224 (Anno).

Appeal from Circuit Court, Buffalo County; Hon. Frank B. Smith, Judge.

Action by Charles W. Menagh and others, as individuals and co-partners doing business under the name of George Menagh Sons, and others, against Elvira School District No. 4 of Buffalo County and others. From orders sustaining demurrers to the complaint, plaintiffs appeal. Reversed.

C. E. Noel, of Highmore, and Stephens, McNamee, O'Keeffe & Stephens, of Pierre, for Appellants.

H. C. Lawton, of Gann Valley, for Respondent.

POLLEY, J.  The defendants in this action are Elvira school district No. 4 of Buffalo county, the members of the school board of said district, the board of county commissioners, the county auditor, the county treasurer, and the county superintendent of schools of said Buffalo county. It appears from the complaint that on the 6th day of March, 1923, two of the three members of the board of county commissioners and the county superintendent of schools met and adopted the following resolution:

"Whereas a petition has been duly presented to this board of county commissioners and county superintendent of schools, signed by the majority of the qualified legal voters of the territory hereinafter described to wit, all the territory lying in township one hundred seven (107) north of range sixty-nine (69) and seventy (70), and which is not now a part of any organized school district,

and asking that the above described territory be annexed and joined to Elvira school district for all school purposes, to share equally in its privileges and liabilities."

Without any other or further proceedings of any kind the taxing officers assumed that the said territory, consisting of a strip of country six miles wide and nine miles long, was a part of said Elvira school district No. 4, and proceeded to levy and collect taxes on the property in said territory for the benefit of the said school district.

The plaintiffs are the owners of property in the said "annexed" territory, and bring this action on behalf of themselves and others similarly situated to have the said annexation proceedings annulled and to enjoin the defendants from further attempting to levy and collect taxes on their property. The school district and the school board joined in a demurrer to the complaint, and the other defendants joined in a separate demurrer. Separate orders were entered by the court sustaining both demurrers and the plaintiffs appeal from each order. Both appeals involve the same questions, are submitted on the same record, and both will be disposed of by one opinion.

[1, 2] The defendants base their demurrers on all the grounds named in section 2348, R. C. 1919, and in support of the first ground named in that section defendants contend that plaintiffs' remedy was by appeal from the order complained of and not by action. Section 5886 authorizes an appeal, from all decisions of the board of county commissioners upon matters properly before it, to the circuit court. But the order complained of in this case was not made by the board of county commissioners in a matter properly before it, but by a joint committee consisting of two members of the board and the county superintendent of schools. It is very apparent that the respondents intended to initiate the original proceedings under the provisions of section 7445. This section provides that upon the receipt of a petition signed by a majority of the qualified electors of any civil township having two or more districts, the county commissioners and the county superintendent shall declare that the school districts therein shall comprise only one district. The resolution adopted recites that a petition signed by a majority of the legal voters of the territory

described has been presented to the board of county commissioners and the county superintendent of schools. But section 7445 does not authorize the proceeding relied on by respondents, and they now frankly confess that it does not, and now claim that the act of annexation was by the board of county commissioners and is authorized by section 7442. But there is no merit in this contention. The entire record proves the contrary, but if it did not, the provisions of this section were not complied with. Section 7442 provides only for the organization of new districts out of unorganized territory, and not for annexation of unorganized territory to existing districts.

[3] It is contended by respondents that there is an improper joinder of causes, and that plaintiffs have not capacity to sue. Plaintiffs are owners of property in the annexed territory, and the object of bringing the action is to prevent the levy and collection of taxes on such property. This gives them such a special interest as entitles them to maintain the action. Hines v. Sumner, 45 S. D. 95, 186 N. W 116.

[4] Respondent contends that, this being an action in the nature of a proceeding in quo warranto, it is improper to join a cause of action for injunctional relief. This contention is fully answered by what is said in Hines v. Sumner, supra.

[5] It is contended by respondents that plaintiffs are not entitled to maintain this action because leave had not been granted by the court before the action was commenced. It is true leave to bring the action had not been obtained before it was commenced, but some time afterwards plaintiff sought and obtained an order from the court granting leave to commence the action. While it was not a strict compliance with the letter of the statute, it was subsantial compliance and worked no hardship on the defendants.

There is no statute authorizing the annexation of the territory involved to Elvira school district, and the attempted annexation was a mere nullity, and all proceedings pursuant thereto by the school board and the taxing officers of the county were null and void. The court should have overruled the demurrers.

The orders appealed from are reversed.

DILLON, J., not sitting.