ELLIS, Appellant, v. HERRICK IND. SCHOOL DISTRICT,
NO. 36 OF GREGORY COUNTY
Respondent

(20 N. W.2d 516.)

(File No. 8778.   Opinion filed November 10, 1945.)

W. J. Hooper, of Gregory, for Appellant.

G. F. Johnson, of Gregory, for Respondent.

SICKEL, J.  This is an action brought to recover on a teacher's contract.  The complaint alleges that in September, 1943 the plaintiff entered into a contract with the defendant school district to act as its superintendent of schools for a term of nine months, for a consideration of eighteen hundred dollars, payable at the rate of two hundred dollars per month; that on March 1, 1944, plaintiff was wrongfully dismissed by the board of education. ' Plaintiff demands judgment for the sum of six hundred dollars remaining unpaid according to the terms of the contract.  Defendant moved for the dismissal of the action on the ground that plaintiff's exclusive remedy was by appeal from the decision of the board of education, and that no such appeal had been taken.  The motion was granted, and judgment was entered dismissing the action.  Plaintiff appealed.

Appellant claims that the circuit court erred in dismissing the action on the grounds stated in the motion.  His contention is that the appeal statute deprives the circuit court of jurisdiction vested in it by Art. V, § 14 of the state constitution.

The authority of a school board to dismiss a teacher is found in SDC 15.3809, which provides:

"A school board may dismiss any teacher at any time for plain violation of contract, gross immorality, or flagrant neglect of duty."

The wrongful dismissal of a teacher amounts to a breach of his contract of employment and gives him a right of action for the damages resulting therefrom.  Ordinarily, the question of whether the dismissal was wrongful is one to be decided in the damage action, but this procedure has been changed by statute.  SDC 15.2033 provides that:

"From a decision made by * * * any school board * * *. relative to a school or school district matter * * * an appeal

may be taken to the Circuit Court by any person aggrieved, * * *."

The action of a board of education in dismissing a teacher, or terminating his contract is a decision relative to a school district matter and such decision is appealable to the circuit court under the provisions of the above statute. Downs v. Bruce Independent School Dist. No. 49, 45 S. D. 326, 187 N. W. 620. This decision was reversed in a subsequent appeal, reported in 52 S. D. 168, 216 N. W. 949, on the ground that the right of appeal from a decision of the board of education of an independent school district was omitted from the Code of 1919. This omission was remedied by § 81, Ch. 138, S. L. 1931, now § 15.2033 of the Code of 1939. The trial in the circuit court is de novo, and on such trial a court "shall enter such final judgment or order as the circumstances and every right of the case may require." The statute further provides that the appeal "shall be the exclusive remedy of any person aggrieved by any such decision" of the board. This appeal statute provides the method of procedure for determining whether the dismissal of the teacher was wrongful. If the teacher has exercised his right of appeal to the circuit court, as provided by the statute, and if it has been finally determined on the appeal that he was wrongfully dismissed, he may maintain an action in any court of competent jurisdiction for the recovery of any damages sustained by him as a result. This is a deviation from ordinary procedure provided for the recovery of damages resulting from breach of contract. However, the statutory procedure provides for a full hearing and a complete determination of all issues of law and fact, in the proper courts. That being the case, the jurisdiction vested in the circuit courts by the state constitution has not been impaired or abrogated.

Appellant relies upon the case of Camp Crook Independent School Dist. No. 1 v. Shevling, 65 S. D. 14, 270 N. W. 518. In that case the school district which brought the action had no right to appeal from the decision of the special committee. The only remedy available to it was an original action in the circuit court. In this case the remedy

by appeal is available to the teacher. Therefore, the decision in the Camp Crook case cannot be considered a determination of the question presented on this appeal.

The complaint in this action fails to allege that the question of wrongful dismissal of the teacher has been determined on appeal to the circuit court, and consequently no error was committed by the circuit court in entering the judgment dismissing the action.

The judgment of the circuit court is affirmed.

POLLEY, ROBERTS, and RUDOLPH, JJ., concur.

SMITH, P. J., not sitting.