THIES et al., Appellants v. RENNER et al., Respondents

(106 N.W.2d 253)

(File No. 9869. Opinion filed November 23, 1960)

**Chas. E. Gorsuch,** Aberdeen, for Plaintiffs and Appellants.

**C. W. Renz, Erwin L. Wiest,** Herreid, for Defendants and Respondents.

ROBERTS, P. J.  This action for injunctive relief was instituted on January 8, 1960, by three residents, property owners and taxpayers of that territory which previous to a reorganization was known as Valley Common School District No. 13 hereinafter referred to as District No. 13. In the early part of January, 1959, proceedings were initiated to create Mound City School District No. 47 to include District No. 13 and three other school districts in Campbell County. Plaintiffs contend that defendant Campbell County Board of Education failed to comply with certain statutory requirements in purportedly creating a reorganized district to include District No. 13 and transferring its property and assets to the reorganized district. The trial court granted a motion to dismiss on the ground among others that an appeal was the proper remedy available to the plaintiffs to review proceedings of the county board of education and that an action for injunctive relief would not lie. Plaintiffs appeal.

It is the contention of the plaintiffs that the Campbell County Board of Education lacked jurisdiction to proceed with the reorganization and that a court of equity in a direct proceeding brought for that purpose could review the matter. Plaintiffs alleged two acts of illegality. They first allege that defendant Board did not prepare and adopt a master plan for reorganization. The second is that a sufficient number of signers was not obtained in District No. 13. They further allege in their complaint that unless the legality of the reorganization be considered by the court the transfer of the property and assets of District No. 13 will deprive plaintiffs of property without due process of law. There are also incorporating allegations, by reference, of all the files and records of the Campbell County Board of Education.

SDC 1960 Supp. 15.20 is entitled "School District Organization". It is this chapter that provides for the consolidation] of school districts or any alteration in their boundaries. The last section in that chapter, 15.2023, conferring a right of review of matters provided in the chapter, reads: "Any party feeling aggrieved by any decision of the county board, the State Superintendent, or the State Board of Education involving the preparation and approval of the master plan or involving any other decision which such boards or State Superintendent are obligated or empowered to make under the provisions of this chapter shall be entitled to appeal such decision within ninety days to the Circuit Court and from there to the Supreme Court under the same limitations and procedures provided by law for appeal of all school board decisions." This procedure was not followed by the plaintiffs. The crucial question argued is whether the alleged illegalities in the proceedings of defendant board which resulted in a reorganization of the four school districts and the adjustment of their assets, debts and liabilities because of the change may be raised by an action for injunctive relief or whether the appeal provided by statute was the exclusive remedy of the plaintiffs.

The Legislature in the exercise of its power to establish and maintain a system of public schools may vest authority in proper boards or officers to create, organize, or alter school districts. Snow v. South Shore Independent School Dist., 66 S.D. 379, 283 N.W. 530 and cases cited. The alteration of school districts in such manner as the Legislature prescribes is purely administrative and is not the taking of property and statutes in authorizing such changes do not deny equal protection or due process of law. See Stephens v. Jones, 24 S.D. 97, 123 N.W. 705. The following statement in Hunter v. City of Pittsburgh, 207 U.S. 161, 28 S.Ct. 40, 46, 52 L.Ed. 151, quoted with approval in Williams v. Book, 75 S.D. 173, 61 N.W.2d 290, is equally applicable to the alteration of school districts: "The state, * * * may take without compensation such property, hold it itself, or vest it in other agencies, expand or contract the territorial area, unite the whole or a part of it with another

municipality, repeal the charter and destroy the corporation. All this may be done, conditionally or unconditionally, with or without the consent of the citizens, or even against their protest. In all these respects the state is supreme, and its legislative body, conforming its action to the state Constitution, may do as it will, unrestrained by any provision of the Constitution of the United States."

Counsel for plaintiffs mainly rely upon three decisions of this Court, one of which is Camp Crook Independent School District No. 1, Harding County v. Shevling, 65 S.D. 14, 270 N.W. 518. There an alleged defect existed in the proceedings of a special committee in the exclusion of territory from plaintiff school district and inclusion thereof in an adjoining district. Plaintiff school district was not within the terms of an appeal statute an "aggrieved person" having the right of appeal from the action of the special committee. Ellis v. Herrick Ind. School Dist. No. 36, 71 S.D. 7, 20 N.W.2d 516. In other words, whether a statutory remedy by appeal available to an aggrieved party to review defects in procedure is exclusive was not an issue.

The second decision so relied upon is Isaacson v. Parker, 42 S.D. 562, 176 N.W. 653. The question before this Court in that case was whether plaintiff was entitled to a judgment annulling a purported consolidation of an independent school district and a common school district and enjoining a further levy and collection of taxes. There was no law then authorizing the consolidation of an independent district and a common school district. The jurisdiction of an administrative agency consists of the powers granted to it by statute. The administrative proceeding which sought to consolidate the school districts in the Parker case was void because of lack of statutory power and investigation or determination of facts as the basis of authority to act was not involved. See also Menagh v. Elvira School Dist. No. 4, 50 S.D. 311, 210 N.W. 51. Thus the jurisdiction of a board may depend upon a petition signed by the requisite number of electors. That is a question of fact to be determined by the board

and if the board makes a wrong determination there is, as in the case involved here, a direct right of appeal from such a determination to the courts. We need not define the scope of judicial review on appeal. There can be no doubt that it includes attacks based on jurisdictional defects in reorganization proceedings, such as the insufficiency of a petition when the exercise of administrative authority is conditioned upon a valid petition. The appeal statute expressly provides for the review of a decision "involving the preparation and approval of the master plan." See Glenham Independent School District No. 12, Walworth County v. Walworth County Board of Education, 78 S.D. 63, 98 N.W.2d 348.

■ The other case mainly relied upon by plaintiffs is Hines v. Sumner, 45 S.D. 93, 186 N.W. 116. It was charged in that case that the action of defendant officers in establishing a consolidated school district was the result of fraud. Fraud is a familiar ground of equity jurisdiction. Even though an administrative determination may otherwise be conclusive, it may be subject to attack on the ground of fraud. Sioux Falls Savings Bank v. Minnehaha County, 29 S.D. 146, 135 N.W. 689.

■ The questions sought to be presented by plaintiffs seeking relief in a court of equity could have been determined by following the procedure prescribed by Section 5.2023, supra. Plaintiffs have cited authorities in support of the principle that equity jurisdiction vested in the circuit courts of this state cannot be abrogated, but it does not follow that resort to an action in equity is not precluded if an adequate remedy is otherwise afforded. Holdcroft v. Murphy, 66 S.D. 388, 283 N.W. 860; Holzworth v. Roth, 78 S.D. 287, 101 N.W.2d 393. We hold that the method prescribed by the statute under consideration for judicial review of any decision therein specified is exclusive and that a review in the manner attempted in this action cannot be sustained.

■ Plaintiffs contend that defendants having answered in the action waived the right to interpose the

motion to dismiss. SDC 1960 Supp. 33.1002 provides that "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." The last paragraph of this section provides that a party waives all defenses and objections which he does not present either by motion or answer except that (1) "The defense of failure to state a claim upon which relief can be granted, and the objection of failure to state a legal defense to a claim may also be made by a later pleading if one is permitted, or by motion for judgment on the pleadings at the trial or on the merits * *." A motion to dismiss after the pleadings are closed is not in strict compliance with the provisions of this section, but we see no reason why the motion may not be treated as one for an order for judgment on the pleadings. Northwestern Engineering Co. v Ellerman, 69 S.D. 397, 10 N.W.2d 879.

The court below sustained the claim of the defendants that the right of review under the provisions of SDC 1960 Supp. 15.2023 was the exclusive remedy of the plaintiffs and that action for injunctive relief would not lie. The motion to dismiss on this ground was properly granted. The court was without jurisdiction to proceed to a determination of the other issues sought to be raised by the plaintiffs.

The order appealed from is affirmed.

SMITH, RENTTO and HANSON, JJ., concur.

BIEGELMEIER, J., (concurs specially).

BIEGELMEIER, Judge (concurring specially).

My agreement with the opinion is on the basis the record shows the trial court considered and found that while the mimeographed heading of the petitions contained a typographical error stating the signers were electors of Mound City District No. 3, it appeared they were signed by a majority of the electors of each of the four districts affected by the reorganization.