**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Derald D. BUNNELL, Defendant and Appellant.**

**No. 13346.**

Supreme Court of South Dakota.

Considered on Briefs Dec. 9, 1981.

Decided Sept. 22, 1982.

Mikal Hanson, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Albert Steven Fox of Larson, Sundall, Larson & Schaub, Chamberlain, for defendant and appellant.

HENDERSON, Justice.

Appellant was tried before a jury and found guilty of driving while intoxicated in violation of SDCL 32–23–1. He appeals from his conviction. We reverse and remand.

On August 9, 1980, a police officer arrested appellant for driving while intoxicated. The officer requested appellant to submit to a blood test and advised him of the implied consent law as it had been in effect prior to July 1, 1980. The officer failed to advise appellant that if appellant refused to submit to the test he would not face a driver's license revocation hearing if he later pleaded guilty to an offense in which the results of a chemical test would have been admissible in evidence provided the plea was entered before any revocation hearing occurred. After appellant consented, he was given a blood test. The result of appellant's blood test, demonstrating a blood alcohol of .14, was admitted at trial over his objection. The jury was instructed on the statutory presumptions that arise from the test results. See SDCL 32–23–7.

■ Appellant argues that the blood test results were inadmissible because the officer failed to advise him that if he refused to submit to a chemical test but later pleaded guilty he could avoid a revocation hearing.[1] "Proper administration [of the implied con-

1. At the time of appellant's arrest SDCL 32–23–11 as amended by 1980 S.D. Sess. Laws, ch. 230 § 3 effective July 1, 1980, provided as follows:

    Any person described in § 32–23–10 not given a chemical analysis because of his right to refuse such test shall have the opportunity to demand a hearing pursuant to chapter 1–26 before further action is taken under this section. After this opportunity, if the department finds that the law enforcement officer complied with the law and the refusal was made by the person, then the department may revoke for one year both that person's license to drive and any nonresident operating privileges which he may have in his pos-

session. The department may also allow the person to drive under restrictions which it may impose. The provisions of this section do not apply to a person who pleads guilty to an offense in which the results of a chemical analysis test, if taken, would have been admissible in evidence, provided that the plea of guilty is entered before any departmental hearing in regard to the refusal has taken place.

This statute, as amended, had been in effect for almost six weeks before appellant was arrested. We note that 1982 S.D. Sess. Laws, ch. 248 § 1 again amended this statute and, among other things, omitted the last sentence of the statute quoted above.

sent statutes] requires substantial compliance with the implied consent statutes." *State v. Hartman,* 256 N.W.2d 131, 135–136 (S.D.1977). In *Smith v. State,* 364 So.2d 1, 9 (Ala.Cr.App., 1978), the court stated,

> "Substantial compliance" with a statute means actual compliance in respect to the substance essential to every reasonable objective of the statute. *Coe v. Davidson,* 43 Cal.App.3d 170, 117 Cal. Rptr. 630, 633 (1974). It means that a court should determine whether the statute has been followed sufficiently so as to carry out the intent for which it was adopted. *In re Rudd's Estate,* 140 Mont. 170, 369 P.2d 526, 530 (1962). Substantial compliance with a statute is not shown unless it is made to appear that the purpose of the statute is shown to have been served. *Kasner v. Stanmire,* 195 Okl. 80, 155 P.2d 230, 232 (1945). What constitutes substantial compliance with a statute is a matter depending on the facts of each particular case. *Trussell v. Fish,* 202 Ark. 956, 154 S.W.2d 587, 590 (1941).

See *Dunker v. Brown County Board of Education,* 80 S.D. 193, 121 N.W.2d 10 (1963); *Application of Megan,* 69 S.D. 1, 5 N.W.2d 729 (1942). When the legislature amended SDCL 32–23–11 in 1980 it clearly intended to encourage drivers to plead guilty and accept the consequences of their driving and drinking while preserving their right to refuse to submit to a chemical test. See *State v. Buckingham,* 90 S.D. 198, 240 N.W.2d 84 (1976). Unless an officer substantially complies with SDCL 32–23–11 and advises a driver of his right to refuse and of the benefit of later pleading guilty, the intent of the legislature to preserve the driver's right to refuse would be ignored. Moreover, SDCL 32–23–10 plainly states that any driver shall be advised by the arresting officer of the provisions of SDCL 32–23–11.[2] The officer clearly failed to meet this requirement when he did not advise appellant of the amended provision regarding the effect of a refusal and a subsequent guilty plea. Because the legislature intended this requirement to be so much a part of the right to refuse a test, it is not an immaterial matter but is mandatory. See *Stephens v. Jones,* 24 S.D. 97, 123 N.W. 705 (1909). We hold that the officer failed to substantially comply with the mandatory requirements of SDCL 32–23–10 when he failed to completely advise appellant of the provisions of SDCL 32–23–11.

■ The faulty advice given to appellant, however, does not make the blood test results inadmissible. The state simply forfeits the benefits of the statutory presumptions that attach to a blood test as set out in SDCL 32–23–7 when an arresting officer fails to substantially comply with the requirements of SDCL 32–23–10, –11 and –12. *State v. Hartman, supra.* If these statutes have not been substantially complied with

> the physiological effects of the blood alcohol content upon the defendant must be proven by the testimony of a properly qualified expert, ... not by statutory presumptions. As expressed in *State v. Spry,* 1973, 87 S.D. 318, 207 N.W.2d 504, the jury should only be instructed concerning the presumption of intoxication where properly administered test results are available.

Id. 256 N.W.2d at 135.

Though appellant objected to the trial court's instruction regarding the statutory presumptions, appellant did not specify that the reason for his objection was the officer's faulty advice. SDCL 15–6–51(b), 23A–25–4. Consequently, appellant failed

**2.** At the time of appellant's offense SDCL 32–23–10 provided:

> Any person who operates any vehicle in this state shall be deemed to have given his consent to a chemical analysis of his blood, urine, breath or other bodily substance for the purpose of determining the amount of alcohol in his blood, as provided in § 32–23–7, provided that such test is administered at the direction of a law enforcement officer having lawfully arrested such person for a violation of § 32–23–1.
>
> Such person shall be requested by said officer to submit to such analysis and shall be advised by said officer of his right to refuse to submit to such analysis and the provisions of §§ 32–23–11 and 32–23–12 in the event of such refusal with respect to the revocation of such person's driving license.

to preserve for appeal the question of improperly instructing the jury. *State v. Barr,* 89 S.D. 280, 232 N.W.2d 257 (1975). Since *Barr,* however, South Dakota has adopted the "plain error" rule and we may now notice defects which affect substantial rights. SDCL 23A–44–15; *State v. Brammer,* 304 N.W.2d 111 (S.D.1981).

No one could seriously argue that giving an instruction on the statutory presumptions does not give the state a substantial advantage in a criminal prosecution. Conversely, appellant has a substantial right, implied by SDCL ch. 32–23, to not have the instruction given if the state has substantially failed to comply with the statutory prerequisites as the officer did here. *Cf. State v. Lufkins,* 309 N.W.2d 331 (S.D.1981) (The right to effective assistance of counsel may be a substantial right recognized under the plain error rule if ineffectiveness can be shown.); *State v. Brammer,* supra (Where two offenses with which appellant was charged arose out of the same set of facts, yet the offenses proscribed by the statutes were mutually exclusive, a conviction of the offense for which there was insufficient evidence affected appellant's substantial rights, was plain error, and would be reversed). We find that the statutory right to be informed of the right to refuse a test and the effect of a subsequent guilty plea on any revocation hearings is a substantial right. Consequently, giving an instruction on the statutory presumptions was plain error.

Because of our disposition we find it unnecessary to discuss the other issues raised by appellant.

We reverse and remand for a new trial consistent with this decision.

FOSHEIM, C.J., and DUNN and MORGAN, JJ., concur.

WOLLMAN, J., dissents.

WOLLMAN, Justice (dissenting).

I would affirm the conviction on the ground that the arresting officer had substantially complied with the requirements of the statute that was then in effect. To hold that the failure of an arresting officer to advise a motorist of his right to refuse to consent to a blood test renders the consent invalid is one thing; to hold that an otherwise valid consent is vitiated by the failure to advise a motorist that a revocation hearing will be precluded by a guilty plea entered subsequent to a refusal to consent to a blood test but prior to the holding of the revocation hearing is quite another thing. One can only muse upon the ability of a putatively intoxicated motorist to comprehend a litany of rights so extensive as to require a printed checklist rivaling in length and complexity the pre-takeoff nomenclature found in an airplane cockpit.