STATE of South Dakota, Plaintiff
and Appellee,

v.

Tim F. O'CONNOR, Defendant
and Appellant.

No. 14237.

Supreme Court of South Dakota.

Considered on Briefs Jan. 19, 1984.

Decided Feb. 22, 1984.

Mikal Hanson, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Gary G. Colbath of Banks & Johnson, Rapid City, for defendant and appellant.

WOLLMAN, Justice.

This is an appeal from a judgment of conviction for driving while under the influence of an alcoholic beverage. We affirm.

On January 2, 1983, defendant was arrested for driving while under the influence of an alcoholic beverage. SDCL 32–23–1. The arresting officer read defendant the Miranda warning and his rights under the implied consent statutes. The arresting officer and defendant discussed whether defendant would be allowed to drive to work on his father's ranch if he refused the test. Defendant ultimately agreed to submit to a blood-alcohol test.

Defendant was charged with having operated a motor vehicle while having 0.10 percent or more by weight of alcohol in his blood. SDCL 32–23–1(1). Contending that the arresting officer had erroneously advised him that if he refused the blood-alcohol test he absolutely would not drive for a full year, defendant moved to suppress the results of the blood test on the basis of noncompliance with the implied consent statutes.[1]

---

1. SDCL 32–23–11 provides:
   Any person described in § 32–23–10 not given a chemical analysis because of his right to re-

fuse the test may demand a hearing pursuant to chapter 1–26 before further action is taken under this section. If the department finds that

■■■ The trial court found that the arresting officer had told defendant he could not get a license or permit to drive for employment purposes.[2] The court then held that if the State recharged the defendant under SDCL 32–23–1(2), the blood test results would be admitted into evidence, absent other valid objections, but that the State would not have the benefit of the presumption statute. SDCL 32–23–7. The State subsequently recharged defendant under SDCL 32–23–1(2).[3]

At trial the State called Donald Frasch, an assistant to the state chemist, who testified that the test revealed that defendant's blood contained twenty-two hundredths percent by weight of alcohol. The State then elicited the following testimony:

> [State]   Let's back away from the point two two. Based on your actual experiments that you conducted, do you have an opinion at what level any person would become under the influence of an alcoholic beverage?
>
> [Mr. Frasch]   Yes, sir.
>
> [State]   And what level is that?
>
> [Defense Counsel]   I am going to object to this line of questioning and at this point move for a mistrial based on the court's earlier admonition and based upon the line of questioning and the questions that have been asked.
>
> THE COURT: Motion for a mistrial is denied.
>
> [Mr. Frasch]   The majority of the people I have, their driving is impaired at levels as low as point oh five and everybody's driving has deteriorated at point oh eight.

Defendant contends that the trial court erred in allowing this testimony after ruling that the State could not have the benefit of the presumption statute. We do not agree.

SDCL 32–23–8 provides that SDCL 32–23–7 "shall not be construed as limiting the introduction of any other competent evidence bearing upon the question whether or not the defendant was under the influence of intoxicating liquor."

In *State v. Hartman*, 256 N.W.2d 131, 135 (S.D.1977), we held:

> [N]oncompliance with the implied consent statutes, although not making the test sample and test results inadmissible, results in a forfeiture of the statutory presumptions of SDCL 32–23–7. Therefore, the physiological effects of the blood alcohol content upon the defendant must be proven by the testimony of a properly qualified expert, not by statutory presumptions. (footnote omitted)

We adhered to our holding in *Hartman* in *State v. Bunnell*, 324 N.W.2d 418 (S.D. 1982).

Mr. Frasch's testimony, which the jury was free to reject, concerned the physiological effects associated with the alcohol content in defendant's blood and made no mention of the statutory presumptions set forth in SDCL 32–23–7. The admission of the testimony did not run counter to the trial judge's earlier decision regarding the forfeiture of the statutory presumptions.

The judgment of conviction is affirmed.

All the Justices concur.

---

the law enforcement officer complied with the law and the refusal was made by the person, the department of public safety shall revoke that person's license to drive and any nonresident operating privileges for one year. *The department shall determine if the person is eligible to drive for purpose of employment and may adopt rules pursuant to chapter 1–26 for determining that eligibility....* (emphasis added)

**2.** The State argues that the arresting officer substantially complied with the implied consent statutes. No notice of review was filed pursuant to SDCL 15–26A–22, however, and we thus will not consider this contention. *Gridley v. Engelhart*, 322 N.W.2d 3 (S.D.1982); *Application of Northwestern Bell Tel. Co.*, 326 N.W.2d 100 (S.D.1982).

**3.** SDCL 32–23–1(2) provides:

> A person may not drive or be in actual physical control of any vehicle while:
>
> •    •    •    •    •
>
> (2) Under the influence of an alcoholic beverage;
>
> •    •    •    •    •