Steven WOLD and LaVonne Wold, Plaintiffs and Appellants,

v.

LAWRENCE COUNTY COMMISSION, and the Golden Reward Mining Company, Defendants and Appellees.

Nos. 17116, 17131.

Supreme Court of South Dakota.

Argued Nov. 27, 1990.

Decided Feb. 6, 1991.

Reed C. Richards of Richards & Richards, Deadwood, for plaintiffs and appellants.

·Jeffry L. Bloomberg, Lawrence County State's Atty., Deadwood, for defendant and appellee Lawrence County Com'n.

Max Main of Bennett & Main, Belle Fourche, for defendant and appellee Golden Reward Mining Co.; Edward J. Nelson and John R. Frederickson of Bennett & Main, Deadwood, on the brief.

MORGAN, Retired Justice.

The action from which this appeal arises was founded in the aftermath of a decision of the Lawrence County Commission (Commission) which granted Golden Reward Mining Company (Mining Company) a waiver of the five-hundred foot (500') buffer zone requirement as required by subparagraph (M)(2) of the County Zoning Ordinance 5.11.6 (the ordinance). Steven and LaVonne Wold (Wolds) sought to challenge the actions of Commission by instituting this declaratory judgment action in Circuit Court. Mining Company, which had been joined as a party by motion to intervene, filed a motion to dismiss on the grounds that a declaratory judgment action is an impermissible collateral attack on the decision of Commission. The circuit court denied Mining Company's motion and decided in favor of Commission and Mining Company on the merits. Wolds appeal the decision on the merits and Mining Company sought notice of review on the denial of the motion. Because we find the notice of review issue to be dispositive, we need not discuss Wolds' issues on the merits.

A brief procedural background is in order. On May 11, 1988, Commission granted Mining Company a conditional use permit (CUP), authorizing Mining Company to conduct mining operations within a distinct permit boundary in Lawrence County.* The permit boundary includes land that adjoins property owned by Wolds. As required by the ordinance, a five-hundred-foot (500') set-back or buffer zone was established entirely upon Mining Company's property, and no mining operations were conducted within 500' of Wolds' property.

On February 20, 1989, Mining Company proposed a Technical Revision to its state permit, to allow the mining of additional land within the existing permit boundary and to facilitate reclamation. A portion of the proposed revision would expand mining operations into the 500' buffer zone in the area adjacent to Wolds' land. In so doing, Mining Company sought verification from Commission that the proposed Technical Revision was in compliance with Lawrence County zoning requirements and the previously granted CUP.

The ordinance required Mining Company to obtain, or attempt to obtain, waivers of the 500' buffer zone requirement from adjacent landowners. Mining Company succeeded in obtaining waivers from all interested landowners except Wolds. Negotiations between Mining Company and Wolds resulted in several offers and counter-offers of compensation for the buffer zone waiver, but no agreement was reached. Consequently, pursuant to the ordinance, Mining Company asked Commission to grant the waiver notwithstanding Wolds' refusal to consent.

After actual notice to all parties, Commission initially considered Mining Company's request for a waiver of the buffer zone at its February 8, 1989, meeting. Wolds and their attorney appeared and requested a continuance. A one-month continuance was granted upon stipulation of counsel, and the parties also agreed to an on-site inspection of the subject area by Commission, which was conducted on March 6, 1989. Following Commission's March 8, 1989, meeting, Commission concluded that Mining Company's proposed Technical Revision was in compliance with the previously granted CUP and the ordinance, granted the waiver, and Commission's verification was forwarded to the Board of Minerals and Environment of the South Dakota Department of Water and Natural Resources (Department). On May 2, 1989, Department approved Mining Company's application for a Technical Revision to add the additional contiguous affected land within the permit boundary.

---

* Mining Company was granted a Large–Scale Life of the Mine Permit by the Board of Minerals and Environment of the South Dakota Department of Water and Natural Resources on June 30, 1988. The permit boundaries of the Lawrence County CUP and the State permit are identical.

Wolds initiated an appeal from Commission's decision to the circuit court, pursuant to SDCL 7–8–27 through SDCL 7–8–31, inclusive. However, Wolds failed to comply with the service of process requirements of SDCL 7–8–29, and consequently their appeal was dismissed for lack of jurisdiction on April 28, 1989. On April 26, 1989, Wolds filed this action, seeking a declaratory judgment. The trial court granted summary judgment for Mining Company and Commission. This appeal followed.

Mining Company states their issue on notice of review as follows: Does Wolds' declaratory judgment action constitute an impermissible collateral attack on the decision of the Commission? We are of the opinion that it does.

Persons aggrieved of a decision of a board of county commissioners are entitled to appeal that decision pursuant to SDCL 7–8–27. The procedures for all such appeals are detailed in SDCL 7–8–27 through SDCL 7–8–31, inclusive. In 1983, the legislature added SDCL 7–8–32:

> Appeal to the circuit court from decisions of the board of county commissioners, as provided in this chapter, is an *exclusive remedy.* Judicial review of county commission action shall be allowed only as provided in §§ 7–8–27, 7–8–28, 7–8–29, 7–8–30 and 7–8–31.

S.D.Sess.L. ch. 44, § 7 (emphasis added). The plain language of the statute clearly establishes that individuals dissatisfied with county commission decisions can only seek relief by direct appeal of that decision to the circuit court.

The legislature has clearly and unequivocally spoken to this point. It is unnecessary for this court to engage in the often complex task of statutory interpretation when the statute under consideration is clear and unambiguous. The word "exclusive" is defined in its ordinary sense to mean "sole" and "not including, admitting, or pertaining to any others." Black's Law Dictionary 506 (5th ed.1979). Clearly, Wolds' sole remedy to seek review of Commission's decision was only by direct appeal. Wolds had no right to proceed with a declaratory judgment action to attack collaterally a decision which they failed to properly appeal.

In a decision long-preceding the statute, we established that direct appeal of a board decision, school board in that case, is an exclusive remedy. *Theis v. Renner,* 78 S.D. 617, 106 N.W.2d 253 (1960). The statute permitting appeal of the board's decision in *Theis* was similar to that at issue here. *Compare* SDC 15.2023 (1960 Supp.), *with* SDCL 7–8–27. We held in *Theis* that direct appeal pursuant to the statute was the exclusive form of relief, and that review of the board's decision could not be accomplished by seeking injunctive relief. In so holding, we noted that "[t]he questions sought to be presented by plaintiffs seeking relief in a court of equity could have been determined by following the procedure prescribed by [the statute]." 78 S.D. at 622, 106 N.W.2d at 256. It is a firmly established rule of law that a party cannot have an equitable remedy if an adequate legal remedy is available. *Id.; Holzworth v. Roth,* 78 S.D. 287, 101 N.W.2d 393 (1960); D. Laycock, Modern American Remedies, 5–6 (1985).

Wolds now argue that they have raised constitutional questions that could not be raised on appeal. There is nothing in SDCL 7–8–27 through 7–8–31 that would have prohibited Wolds from raising the constitutional issues on direct appeal.

Because Wolds' declaratory judgment action was an improper challenge of Commission's decision, the trial court erred in not dismissing Wolds' declaratory judgment action.

We reverse the decision of the trial court on the notice of review issue and remand with instructions to enter an order of dismissal.

All the Justices concur.

HERTZ, Circuit Judge, acting as a Supreme Court Justice, not having been a member of the court at the time this case was argued, did not participate.