Rudolph AMAN, Kathryn Aman, Walter Aman, Herbert E. Aman and Eureka School District No. 44-1, Appellants,

v.

EDMUNDS CENTRAL SCHOOL DISTRICT NO. 22-5, Appellee.

No. 17821.

Supreme Court of South Dakota.

Considered on Briefs Oct. 7, 1992.

Decided Dec. 23, 1992.

Craig E. Smith of Neumayr & Smith, Gettysburg, for appellants.

Terence A. O'Keefe of Siegel, Barnett & Schutz, Aberdeen, for appellee.

WUEST, Justice.

Amans and Eureka School District appeal from a circuit court order affirming partial acceptance of a petition for a minor boundary change. We reverse and remand to the circuit court with directions to reverse Edmunds' partial acceptance of the petition and direct the school district to accept or reject the petition in whole.

## FACTS

In April, 1991, Rudy and Kathy Aman (Amans) filed a petition with the Edmunds Central School District (Edmunds) for a minor boundary change. They sought to transfer 1,560 acres from the Edmunds District to the Eureka School District (Eureka). The land sought to be transferred was co-terminus with the common boundary of the two school districts as required by SDCL 13-6-84.1. The petition was signed by a majority of the voters residing in the area proposed for transfer as required by statute.

Amans did not know where on the property their residence would be located; therefore, Edmunds denied the petition in May, 1991, but left the petition "on file" until Amans finalized their place of residence. In August, 1991, Amans notified Edmunds of their purchase of the west one-half of section 15, township 125 north, range 72. Edmunds then reconsidered the petition and approved transfer of only the residence portion of the property, some 7.5 acres, to Eureka. Eureka had previously accepted the petition in its entirety, all 1,560 acres.

Amans filed with the fifth circuit timely notice of appeal of both actions of the Edmunds School Board. The appeals were consolidated by agreement of counsel. The circuit court held a de novo trial and upheld Edmunds' partial acceptance of the petition.

Amans appeal, raising four issues. We have consolidated two of the issues into one issue which is dispositive of this case. We will not address the other issues raised.

DID THE CIRCUIT COURT ERR IN AFFIRMING THE EDMUNDS CENTRAL SCHOOL BOARD'S REDUCTION OF THE AMOUNT OF LAND INCLUDED IN THE PETITION.

ANALYSIS

Appeals from actions of school boards are guided by SDCL 13-6-85 and chapter 13-46. The clearly erroneous standard of review applies when the question is one of fact. *Maasjo v. McLaughlin Sch. Dist. #15-2,* 489 N.W.2d 618, 621 (S.D.1992); *Kellogg v. Hoven Sch. Dist. No. 53-2,* 479 N.W.2d 147, 150 (S.D.1991); *Jager v. Ramona Bd. of Educ.,* 444 N.W.2d 21, 26 (S.D.1989). Questions of law however, are fully reviewable by this court. *In re SDDS, Inc.,* 472 N.W.2d 502, 507 (S.D. 1992); *In re State & City Sales Tax Liability of Quality Serv. Railcar Repair Corp.,* 437 N.W.2d 209, 210–11 (S.D.1989); *Permann v. Dep't of Labor, Unemp. Ins. Div.,* 411 N.W.2d 113, 117 (S.D.1987). The construction of a statute is a question of law. *Vellinga v. Vellinga,* 442 N.W.2d 472, 473 (S.D.1989); *In re Famous Brands, Inc.,* 347 N.W.2d 882, 884 (S.D.1984); *Nash Finch Co. v. South Dakota Dep't of Revenue,* 312 N.W.2d 470, 472 (S.D.1982).

School boards have been given the authority to approve or disapprove petitions for minor boundary changes into or out of their respective school districts.
SDCL 13-6-86.1 provides:

> The school boards, within sixty days of receipt of the petition, shall by resolution, *approve or disapprove* the request of the petitioners and notify the petitioners in writing whether or not the petition is approved. If the request of the petitioners is approved, a copy of the petition and the resolution of approval shall be delivered by the school board to the board of county commissioners having

jurisdiction over the school district losing territory and to the board of county commissioners having jurisdiction over the school district to which the area is to be annexed. (Emphasis added.)

In reviewing statutes, this court will construe them according to their plain and ordinary meaning. *Cimarron Ins. Co. v. Croyle,* 479 N.W.2d 881, 886 (S.D.1992); *Appeal of AT & T Info. Sys.,* 405 N.W.2d 24, 27 (S.D.1987); *Oahe Conservancy Subdistrict v. Janklow,* 308 N.W.2d 559, 561 (S.D.1981). We assume statutes mean what they say and that the legislature meant what it said. *Famous Brands,* 347 N.W.2d at 885; *Crescent Elec. Supply Co. v. Nerison,* 89 S.D. 203, 210, 232 N.W.2d 76, 80 (1975).

The language in SDCL 13-6-86.1 is clear and unambiguous; the school board "shall ... approve or disapprove." The word "shall" is mandatory, not discretionary language. *Helmbolt v. Lemars Mut. Ins. Co. Inc.,* 404 N.W.2d 55, 59 (S.D.1987); *Cf. State v. Bunnell,* 324 N.W.2d 418, 420 (S.D.1982); *Stephens v. Jones,* 24 S.D. 97, 100–01, 123 N.W. 705, 707 (1909). If the legislature had intended school boards to have more discretion, it would have used discretionary language.

The language of the statute limits the action of the boards to either approval or disapproval of the petition submitted. Where the legislature intended statutory requirements to be a minimum or a partial list, it has expressly stated the factors are not limited.[1] Here, the statute makes no provision for partial approval or disapproval of a petition. The statute has no provision allowing a school board to alter a petition. Nor is there any statute in SDCL title 13 on education, aside from appeal under SDCL 13-6-89, establishing a procedure to reconcile the situation we have in this case—one school district modifies a petition and another accepts it as submitted. Hypothetically, there exists an even more complicated situation—each school board varies the land in the petition and

---

1. SDCL 13-6-86 provides in part:

> The petitions and resolutions for a proposed boundary change shall contain, but not be limited to, the following[.]

accepts its own altered version. The legislature cannot have intended to allow school boards to alter petitions for minor boundary changes and leave the court system to sort out the variants.

Additionally, SDCL 13–6–85 requires a petition for a minor boundary change be signed by the majority of the voters residing in the area to be transferred.[2] When a school district alters the contents of a petition, it negates the consent of the voters. Thus, when a school district alters a petition, that petition is no longer in compliance with SDCL 13–6–85.

The legal maxim "expressio unius est exclusio alterius" means "the expression of one thing is the exclusion of another." Black's Law Dictionary 521 (5th ed. 1979). The maxim is a general rule of statutory construction. *Argo Oil Corp. v. Lathrop*, 76 S.D. 70, 74, 72 N.W.2d 431, 434 (1955). We have cautioned against applying the rule arbitrarily or conclusively as to the meaning of a statute. *Id.* However, in this case the general rule is consistent with the intent of the legislature. Applying the general rule, we find the language "approve or disapprove" is exclusive. School boards cannot vary or alter petitions for minor boundary changes.

This court has spoken before concerning the power of subordinate school district bodies to vary legislative directives:

> [P]ower of the Legislature over the creation of school districts may be delegated to subordinate bodies and officers.... This [law] undoubtedly delegates and confers power upon the board of county commissioners and county superintendent which would not otherwise exist but for this statute, and the exercise of the

power thus delegated must be strictly construed ... The commissioners and superintendent are pre-emptorily required to make the declaration upon the receipt of a petition signed by a majority of the qualified electors. They have no discretion or election in the matter when the required petition has been made.

*Stephens*, 24 S.D. at 100–101, 123 N.W. at 707 (holding statutory language allows no discretion and boards must consolidate school districts upon receipt of petition signed by a majority of the voters in the district). So it is with SDCL 13–6–86.1. The legislature has delegated to school boards the power to accept or reject petitions for minor boundary changes; there is no other "discretion or election in the matter when the required petition has been made." *Stephens*, 24 S.D. at 101, 123 N.W. at 707.

Edmunds' action in varying the petition for a minor boundary change was illegal as it exceeded the statutory authority granted by SDCL 13–6–86.1. The circuit court erred in affirming the illegal action. We reverse and remand to the circuit court with directions to reverse Edmunds' partial acceptance of the petition and direct the school district to accept or reject the petition in whole.

MILLER, C.J., and HENDERSON, SABERS and AMUNDSON, JJ., concur.

---

2. SDCL 13–6–85 provides in part:

A boundary change, affecting not more than two percent of the assessed valuation of the school district from which the area is to be taken, may be made upon an application for a boundary change to the school board of the school district from which the area is to be taken and to the school board of the school district to which the area is to be annexed, in the form of a petition signed by over fifty percent of the voters residing in the area to be transferred by the boundary change[.]