## STATE ex rel. WALKLIN v. SHANKS et al.

Title to public office cannot be raised by a writ of prohibition, but only in quo warranto proceedings.

Holding an election for town officers at a different hall than that designated in the notice of election was not such an irregularity as rendered the election void, where it is not shown that any elector, by reason of the change, was deprived of the right to vote.

Notices that two persons had applied for permits to sell intoxicating liquor, both stating "in a building on lot 23, block 4," cannot be held bad on the ground that the town board was not authorized to issue permits to two persons to sell liquor on the same premises, in the absence of evidence that there was not more than one building on the lot, or that the building did not contain separate apartments.

(Opinion filed, Feb. 23, 1910.)

Appeal from Circuit Court, Hamlin County. Hon. GEORGE H. MARQUIS, Judge.

Prohibition by the State, on relation of William Walklin, against William Shanks and others, as trustees of the town of Castlewood and E. W. McLaughlin, as clerk of said board. From a judgment for defendants and an order denying a new trial, relator appeals. Affirmed.

*Loucks & Mather,* for appellant. *Seward & McFarland* and *E. W. McLaughlin,* for respondents.

CORSON, J. This is a special proceeding by the state on relation of William Walklin, plaintiff and appellant, to prohibit the defendants, who, it is alleged, claim to be the board of trustees of the town of Castlewood in Hamlin county, from proceeding to act upon the petition of two parties named for a permit to sell intoxicating liquors in the said town of Castlewood. Findings

and judgment being in favor of the· defendants, the relator has appealed.

An affidavit was filed on the part of the relator setting forth, in effect, that a pretended election was held in the said town of Castlewood in March, 1909, and that at said election the defendants claim to have been elected trustees of said town, and that at said pretended election the question of permitting parties to engage in the sale of intoxicating liquors in said town was submitted to a vote at said election, and a vote in favor of granting such permits was declared to have been carried.

It is further alleged that notice had been given of the applications of the two persons named for permits to sell such intoxicating liquors, and the time fixed for hearing of the same. It is further alleged that, unless prohibited, the said board of trustees will, at the time designated in the notice, proceed to hear the said applications; that the election of the said board of trustees was illegal and void; and that the said purported vote in favor of the granting of such permits was illegal and void for the reason that the election at which the said trustees were elected, and the vote on the question of issuing permits, was not held at the place designated in the notice given of such election, which was the town hall in said town of Castlewood, but was held at a place about two blocks therefrom, and that for the same reason the election of the board purporting to have been elected at the same time was not held at the place designated in the notice for the election, but at the last-named place, about two blocks away. It was also alleged that the judges and clerks at said election were not legally appointed, and that the certificate of the election of said board of trustees and clerk was not filed. The learned circuit court upon the affidavit granted an alternative writ of prohibition, but on the hearing of the same finally dismissed the proceedings.

At the conclusion of the hearing of the writ, the court found the following facts: "(1) That the election held on the 16th day of March, A. D. 1909, was not held at the place whereby the notice of election the same was to be held; that is to say, polls were held at the Woodman Hall, instead of at the town

hall in said town of Castlewood. (2) That there was no fraud or willfulness on the part of any one in said polls being opened and held in the Woodman Hall. That the said election was not held in the town hall for the reason that circuit court was being held at said town hall on said day of March, A. D. 1909. That due notice was properly given to all electors of the change by posting notices at or near the place where the election was called to be held. That neither the then board of trustees nor any member of said board acted as inspector or inspectors at the election, nor did the persons who acted as the inspectors at the election make the certified statement called for by section 1432 of the Revised Political Code, nor did they make any statement over their own signatures of the result of said election. That neither such change in the polling place, nor any other irregularity in the conducting of the election, deprived any person of his right to vote at the election, nor was any person misled in any way, nor did such change, nor did the failure of such board or any member thereof to act as inspectors or inspector at the election affect the result; but a full and fair vote was had, and a majority of all the electors of said town voted at said election in favor of the sale of intoxicating liquors at retail. That the result of said election shows that the sentiment of the electors of said town was fully and fairly expressed at said election." From these findings the court concludes as matter of law as follows: "(1) That the irregularities set out in the relator's affidavit and in the alternative writ are not such irregularities as to vitiate the said election and make it void. (2) That the statute of this state does not provide that any of these irregularities shall vitiate and make the election void. (3) That all the officers acting in connection with the said election were de facto officers, and that their acts cannot be questioned by a writ of prohibition. * * * "

It is contended by appellant that the court's finding No. 2 is not supported by the evidence, but in our opinion the evidence fully justified the court in making this finding.

It is further contended by the appellant that the irregularities occurring at the election, and especially in holding the election

at a different hall from that designated in the notice for the election, was such an irregularity as vitiated and rendered void the election of the defendants as a board of trustees for the said town of Castlewood, but the title to the offices of the town trustees elected at said election could not properly be raised upon the writ of prohibition. The title of such offices could only be questioned in quo warranto proceedings. In Davenport v. Elrod, 20 S. D. 567, 107 N. W. 833, this court held that "a proceeding in prohibition to prevent the state capitol commission * * * from executing certain contracts impliedly admits the legal existence of the commission; * * * quo warranto being the appropriate remedy, if the legal existence of the commission is sought to be denied." And this seems to be the general rule, and, as the trustees were holding their offices under color of an election, they were therefore de facto officers. And the same rule applies to the judges and clerks of the election. Judge Cooley in his Work on Constitutional Law, in discussing the question as to what irregularities in elections would render the same void, says: "As the execution of these statutes must very often fall to the hands of men unacquainted with the law and unschooled in business, it is inevitable that mistakes shall sometimes occur, and that very often the law will fail of strict compliance. Where an election is thus rendered irregular, whether the irregularity shall avoid it or not must depend generally upon the effect the failure to comply strictly with the law may have had in obstructing the complete expression of the popular will, or the production of satisfactory evidence thereof. Election statutes are to be tested like other statutes, but with a leaning to liberality in view of the great public purposes which they accomplish; and, except where they specfically provide that a thing shall be done in the manner indicated and not otherwise, their provisions designed merely for the information and guidance of the officers must be regarded as directory only, and the election will not be defeated by a failure to comply with them, providing the irregularity has not hindered any who were entitled from exercising the right of suffrage, or rendered doubtful the evidences from which the result was to be declared."

The further contention of the appellant, therefore, that the election, not·being held at the polling place designated in the notice of election, was void as to the question of permitting parties to engage in the sale of intoxicating liquors in the town. of Castlewood, is untenable for the reason that the court found "that neither such change in the polling place nor any other irregularity in the conducting of the election deprived any person of his right to vote at the election; nor was any person misled in any way. * * * But a full and fair vote was had· and a majority of all the electors of said town voted at said election in favor of the sale of intoxicating liquors at retail." It will be observed that Judge Cooley in the above quotation says: "And the election will not be defeated by a failure to comply with them (provisions of the statute), providing the irregularity has not hindered any who were entitled from exercising the right of suffrage or rendered doubtful the evidence from which the result was to be declared." Applying the rule as laid down by Judge Cooley, in the absence, therefore, of a showing of any injury resulting to any party by reason of the change in the polling place, and that no elector was deprived of his right to exercise his privilege as an elector, the court was right in holding that such change did not constitute such an irregularity as would render the election upon the question of the sale of intoxicating liquors illegal and void.

The further contention of the appellant that as notice was given a short time prior to ·the issuance of the alternative writ in this case that two persons (naming them) had applied for permits to sell intoxicating liquors at retail "in a building on lot 23, block 4, in the incorporated town of Castlewood, in the county of Hamlin," rendered their applications null and void, as the town board was not authorized to issue permits to two different parties to sell intoxicating liquors upon the same premises, but in the absence of evidence that there was not more than one building on lot 23, or that the building upon said lot did not contain separate and distinct apartments, it did not affirmatively appear that the applicants were applying for permits to sell intoxicating liquors upon the same premises, and neither the trial court nor

this court is at liberty to presume that the applicants in their applications referred to the same building or apartment.

We are of the opinion, therefore, that the conclusions of law of the court were clearly right and that the court committed no error in quashing the alternative writ, and dismissing the action.

Finding no error in the record, the judgment of the court below and order denying a new trial are affirmed.