HOUSER, Appellant, v. OLMSTEAD, State's Attorney, Respondent.

(230 N. W. 224.)

(File No. 6985. Opinion filed April 11, 1930.)

*W. J. Hooper,* of Gregory, and *Roscoe Knodell,* of Winner, for Appellant.

*O. D. Olmstead,* State's Attorney, of Winner, in pro. per.

BROWN, P. J. It being deemed necessary that land belonging to appellant should be acquired for highway purposes, the amount of damages accruing to appellant, by reason of such taking, was estimated by appraisal pursuant to the provisions of chapter 139, Laws 1927, and appellant was notified that the county was prepared to pay the amount fixed by the appraisers. A petition signed by more than seven taxpayers of the county was presented to the state's attorney of the county demanding that an appeal be taken from the action of the board deciding to pay the amount of the appraisal, and in response to the petition the state's attorney attempted to take such appeal. The notice of appeal, however, states "that the undersigned, State's Attorney of Tripp County, South Dakota, * * * does hereby appeal to the Circuit Court of Tripp County, South Dakota, from said appraisal and the whole

thereof, and demands a trial in the circuit court de novo." The notice is signed "O. D. Olmstead, State's Attorney, Tripp County, South Dakota."

Rev. Code 1919, § 5886, provides that, when any action of the board of county commissioners relates to the interests or affairs of the county at large or any portion thereof, the state's attorney, upon written demand of at least seven taxpayers of the county, may take an appeal therefrom, in the name of the county. It will be observed that the notice of appeal in the instant case was not in the name of the county, but in the name of the state's attorney individually or personally. In the circuit court appellant here, who was respondent in the circuit court, moved to dismiss the appeal, for the reason that it was taken without-authority of law and because the circuit court had no jurisdiction to try the matter and had no jurisdiction of the person. From an order denying the motion, appeal is taken to this court. Appellant contends that the appeal, not being taken in the name of the county, but by the state's attorney of the county, should have been dismissed. In Moon v. Cline, 11 Ind. App. 460, 39 N. E. 432, 433, it was held that an appeal from a judgment rendered against Union township, taken in the name of Milton J. Moon, trustee, was not an appeal by the township, and it was said that "the judgment being against Union township, the appeal must be taken by it, and it designated as the appellant." In Muskogee County v. Lanning, 51 Okl. 343, 151 P. 1054, 1055, it was held that where the statute provided that a county should sue or be sued in the name of "Board of County Commissioners of the County of ———"; that an appeal prosecuted in the name of "Muskogee County, Oklahoma," will be dismissed for want of proper parties plaintiff in error, for the reason that an action could not be prosecuted by a county in such name, citing Board of Commissioners of Phillips County v. Churning, 4 Colo. App. 321, 35 P. 918; Arnett v. Board of Commissioners of Decatur County, 75 Ga. 782; County of Rock Island v. Steele, 31 Ill. 543; Wild v. Board of Supervisors of County of Columbia, 9 How. Prac. (N. Y.) 315; Board of Commissioners of Sweetwater County v. Young, 3 Wyo. 684, 29 P. 1002. See, also, Cleveland County v. Johnson, 59 Okl. 77, 157 P. 1035. Respondent has not called our attention to any case in which it is held that, where an appeal is authorized to be taken in the name of a county, such

appeal may be taken in the name of the state's attorney of that county, and, although appellant particularly emphasizes this as one of the reasons why the appeal should have been dismissed, respondent's brief does not discuss the question.

We do not however base our decision in this case primarily upon the technical ground that the appeal is taken in the name of the state's attorney rather than in the name of the county, as prescribed by the statute. In Barnum v. Ewing, 53 S. D. 47, 220 N. W. 135, it is pointed out that section 5886, Rev. Code 1919, authorizes two separate and different classes of appeal from decisions of the board of county commissioners, one by "any person aggrieved," and the other by the state's attorney in the name of the county on written demand of at least seven taxpayers, and that these two classes of appeal are distinct, originated in our law at different times, and are for the protection of entirely different interests. The award of damages for land taken for highway purposes under the provisions of chapter 139, Laws 1927, is made by three appraisers, and this award, properly speaking, is not a decision of the board of county commissioners. The award or appraisal when filed in the office of the county auditor becomes by provision of the statute the amount to be paid by the board of county commissioners unless changed by the judgment of a jury in the circuit court. Section 5886, which authorizes appeals from *decisions* of the board of county commissioners upon matters properly before it, did not of itself authorize an appeal from the award of damages by the appraisers under the provision of chapter 139, Laws 1927. That chapter, however, in itself provides for an appeal from "the award of damages," but such appeal may only be taken by "any person aggrieved by any award of damages." In Barnum v. Ewing, supra, we held that the phrase "any person aggrieved" in the statute providing for appeal from decisions of board of county commissioners includes only such persons as suffer personal or individual grievance, as distinguished from that suffered by taxpayers or the public generally. We think the same phrase in chapter 139, Laws 1927, must be given the same meaning, and since it is only a person aggrieved that is given an appeal in chapter 139, Laws 1927, and no appeal is provided for under that chapter on behalf of taxpayers, we are of the opinion that no appeal lies on behalf of taxpayers from an award of damages made

under the provisions of chapter 139, Laws 1927, and that the appeal should have been dismissed by the circuit court.

The order appealed from is therefore reversed.

POLLEY, SHERWOOD, CAMPBELL, and BURCH, JJ., concur.