Philip M. WEGER, Plaintiff and Appellant,

v.

PENNINGTON COUNTY, a Political Subdivision of the State of South Dakota, Fred Carl, Richard Krull, Charles Kliche, and David Ohlen, in their Official Capacity as Members of the Pennington County Air Quality Board, Defendants and Appellees.

No. 18951.

Supreme Court of South Dakota.

Considered on Briefs April 26, 1995.

Decided July 26, 1995.

Scott D. McGregor of Viken, Viken, Pechota, Leach & Dewell, Rapid City, for plaintiff and appellant.

Ronald D. Buskerud, Pennington County Deputy Atty., Rapid City, for defendants and appellees.

GILBERTSON, Justice.

Philip Weger appeals the circuit court's dismissal of his declaratory judgment action brought against Pennington County (hereinafter County) and the individual members of the Pennington County Air Quality Board (hereinafter AQB) challenging appointments made by the County to the Board. We affirm.

### FACTS

Philip Weger, a taxpayer residing in Pennington County, brought a declaratory judgment action in circuit court challenging appointments made by the County to the AQB. Weger claimed the appointments were made in violation of the County's air quality ordinance and asked the court to declare the AQB's actions void during this time of alleged violation. Weger brought his action against the County and the four AQB members he claimed were illegally appointed.

Both parties filed motions for summary judgment. At a hearing on these cross motions, County moved for dismissal on grounds that Weger failed to follow the exclusive appeal remedy as set forth in SDCL 7–8–32. The circuit court dismissed Weger's action on those grounds. Weger appeals the court's order of dismissal arguing his action was properly brought as a declaratory judgment action under SDCL 21–24–1 and SDCL Ch. 7–8 does not bar his action. At oral argument, Weger raised three issues:

1) Whether he is a "person aggrieved" under SDCL 7–8–27?

2) Whether SDCL 7–8–32 provides the exclusive remedy available to him concerning the actions of the County?

3) Whether he may maintain a declaratory judgment action challenging the legality of the members of the AQB to hold office and the legality of their actions?

## STANDARD OF REVIEW

This appeal requires us to engage in statutory construction. "Matters of statutory construction are questions of law and thus, the decision below is fully reviewable without deference to the decision of the trial court." *In re Estate of Steed,* 521 N.W.2d 675, 680 (S.D.1994); *State v. French,* 509 N.W.2d 693, 695 (S.D.1993); *Sander v. Geib, Elston, Frost Pro. Ass'n,* 506 N.W.2d 107, 121 (S.D.1993) (citing *Reid v. Huron Bd. of Educ.,* 449 N.W.2d 240, 242 (S.D.1989)). The rules of statutory construction provide guidance as to a statute's interpretation.

> Each statute must be construed according to its manifest intent as derived from the statute as a whole, as well as other enactments relating to the same subject. Words used by the legislature are presumed to convey their ordinary, popular meaning, unless the context or the legislature's apparent intention justifies departure. When conflicting statutes appear, it is the responsibility of the court to give reasonable construction to both, and to give effect, if possible, to all provisions under consideration, construing them together to make them harmonious and workable. However, terms of a statute relating to a particular subject will prevail over general terms of another statute. Finally, we must assume that the legislature, in enacting a provision, had in mind previously enacted statues [sic] relating to the same subject.

*State v. Harris,* 494 N.W.2d 619, 622 (S.D. 1993) (quoting *Meyerink v. Northwestern Public Service Co.,* 391 N.W.2d 180, 183–84 (S.D.1986) (citations omitted)).

## ANALYSIS AND DECISION

Weger's substantive claim is that the membership of the Pennington County Air Quality Board violates the county's air quality ordinance which provides, in pertinent part: "The majority of the board shall represent the public interest and shall not derive any significant portion of their income from persons subject to the fugitive emissions portion of this ordinance." Pennington County Ordinance No. 12 Revised, Air Quality Ordinance, para. 1.34. Weger further asked the trial court to hold void any actions taken by the AQB while its membership was allegedly in violation of the ordinance.

Prior to hearing Weger's substantive claim, however, the circuit court dismissed Weger's action for failure to follow the exclusive appeal remedy as set forth in SDCL 7–8–32. The court held direct appeal under SDCL Ch. 7–8 was Weger's exclusive remedy; thus, Weger's claim brought under SDCL Ch. 21–24 failed. Weger argues that since he is not a "person aggrieved" under SDCL 7–8–27, this chapter does not provide his exclusive remedy and, therefore, he is not barred from proceeding in a declaratory judgment action under SDCL Ch. 21–24.

### I. Is Weger a "person aggrieved" under SDCL 7–8–27?

Weger claims, and the County concedes in its brief to this court, that he is not a "person aggrieved" under SDCL 7–8–27.

### II. Does SDCL 7–8–32 provide the exclusive remedy available to Weger?

█ SDCL 7–8–32 provides: "Appeal to the circuit court from decisions of the board of county commissioners, as provided in this chapter, is an exclusive remedy. Judicial

review of county commission action shall be allowed only as provided in §§ 7–8–27, 7–8–28, 7–8–29, 7–8–30, and 7–8–31." SDCL 7–8–27 provides for appeal by persons who have suffered individual and personal grievances by the county's actions. We have previously stated in reference to SDCL 7–8–27 "that this statute provides for an appeal from decisions of the board of county commissioners only to such persons who suffer personal or individual grievances, as distinguished from those grievances suffered by taxpayers or the public generally." *Simpson v. Tobin,* 367 N.W.2d 757, 760 (S.D.1985) (citing *Houser v. Olmstead,* 57 S.D. 41, 230 N.W. 224 (1930)). Weger claims because he has not suffered an individual or personal grievance, he is not a "person aggrieved," so that SDCL Ch. 7–8 does not apply as his exclusive remedy. He concludes, therefore, that a declaratory judgment action under SDCL Ch. 21–24 is available to him.

However, SDCL 7–8–27 is not the only avenue provided for appealing a decision by the county commission. In *Houser,* we noted the statutes authorize:

> two separate and distinct classes of appeal from decisions of the board of county commissioners, one by 'any person aggrieved,' and the other by the state's attorney in the name of the county ... and that these two classes of appeal are distinct, originated in our law at different times, and are for the protection of entirely different interests.

*Houser,* 230 N.W. at 225 (referring to § 5886 R.C. 1919, the predecessor statute to SDCL 7–8–27 and 7–8–28).[1]

■■■ SDCL 7–8–28 sets forth procedures for general taxpayers' challenges to county commission decisions and provides, in relevant part:

> Upon written demand of at least fifteen taxpayers of the county, the state's attorney shall take an appeal from any action of such board if such action relates to the interests or affairs of the county at large or any portion thereof, in the name of the county, if he deems it to the interest of the county so to do....

This statute gives the state's attorney discretion in determining the merits of any action. *State ex rel. Cook v. Richards,* 61 S.D. 28, 245 N.W. 901 (1932); *Barnum,* 220 N.W. 135 (providing extensive discussion on the operation of the predecessor statute to SDCL 7–8–27 and 7–8–28). Upon filing the petition with the required signatures, SDCL 7–16–2 provides for the appointment of a state's attorney pro tem where the state's attorney abuses his discretion by an unjustifiable refusal to act or has a conflict of interest.[2] *Simpson,* 367 N.W.2d at 761. In *Barnum,* we declared the method for providing an appeal by general taxpayers, under the predecessor statute to SDCL 7–8–28, *is exclusive. Barnum,* 220 N.W. at 138.

We have, on numerous occasions, noted that "the strict limitations on the availability of taxpayer challenges to county commission actions were enacted to help reduce the number of lawsuits brought by taxpayers in order to prevent continued and unnecessary interference with the conduct of public affairs." *Simpson,* 367 N.W.2d at 761 (citing *Holmes v. Miller,* 71 S.D. 258, 23 N.W.2d 794 (1946); *Richards,* 245 N.W. at 906). This goal does not deny a taxpayer the ability to bring a grievance involving the public interest before the circuit court for review. The legislature

---

1. In *Codington County v. Board of Commissioners,* 51 S.D. 131, 212 N.W. 626 (1927), we held the word "decision" in the predecessor statute to SDCL 7–8–27 and 7–8–28 means a determination quasi-judicial in nature and it is only from a quasi-judicial determination that an appeal will lie. *See Barnum v. Ewing,* 53 S.D. 47, 220 N.W. 135, 136 (1928); *Simpson,* 367 N.W.2d at 762. We do not reach the issue whether Pennington County's action in appointing board members is quasi-judicial or administrative in nature since this issue has not been briefed and argued. *Apoian v. State,* 89 S.D. 539, 235 N.W.2d 641 (1975); *Larson v. Western Underwriters, Inc.,* 77 S.D. 157, 87 N.W.2d 883 (1958).

2. SDCL 7–16–2 provides, in relevant part:

> The circuit court, whenever there shall be no state's attorney for the county or when the state's attorney is absent or unable to attend to his duties or is adversely interested or disqualified, may appoint, by an order to be entered in the minutes of the court, some duly licensed attorney and counselor at law to perform for the time being the duties required by law to be performed by the state's attorney and the person so appointed shall thereupon be vested with all the powers of such state's attorney for that purpose[.]

has, however, limited the taking of such appeals by three conditions precedent: 1) the commission's action must relate to the interests or affairs of the county; 2) there must be written demand of at least fifteen taxpayers; and 3) the state's attorney must deem it in the county's interest to appeal. *Richards,* 245 N.W. at 906.

In *Wold v. Lawrence County Commission,* 465 N.W.2d 622 (S.D.1991), we held the statutes under SDCL Ch. 7-8 provided the exclusive remedy for taxpayers who failed to comply with service of process requirements under SDCL 7-8-29 and, subsequently, attempted a collateral attack on the trial court's order of dismissal by seeking a declaratory judgment. The taxpayers in *Wold* were "aggrieved persons" who initially brought an action under SDCL 7-8-27. We noted the plain language of SDCL 7-8-32 provided that an action under SDCL Ch. 7-8 was the plaintiffs' exclusive remedy:

> The plain language of the statute clearly establishes that individuals dissatisfied with county commission decisions can only seek relief by direct appeal of that decision to the circuit court.
>
> The legislature has clearly and unequivocally spoken to this point. It is unnecessary for this court to engage in the often complex task of statutory interpretation when the statute under consideration is clear and unambiguous. The word "exclusive" is defined in its ordinary sense to mean "sole" and "not including, admitting, or pertaining to any others." Black's Law Dictionary 506 (5th ed. 1979). Clearly, Wolds' sole remedy to seek review of Commission's decision was only by direct appeal. Wolds had no right to proceed with a declaratory judgment action to attack collaterally a decision which they failed to properly appeal.
>
> ... It is a firmly established rule of law that a party cannot have an equitable remedy if an adequate legal remedy is available.

*Wold,* 465 N.W.2d at 624. *See also Thies v. Renner,* 78 S.D. 617, 106 N.W.2d 253 (1960) (direct appeal pursuant to statute was the exclusive remedy to persons seeking appeal of school board decision; review of the board's decision could not be accomplished by seeking injunctive relief).

Weger relies on *Simpson,* 367 N.W.2d 757, to support his contention that he may maintain his claim by a declaratory judgment action. *Simpson* is clearly distinguishable in that it held the appeal statutes of SDCL 7-8 were not applicable to the facts of that case. Therein, the county had already made the disputed payment to an attorney hired by the county commission, and thus, in reality, the case was an action against the attorney to return the payment and not against the county. It is only in cases where the appeal statutes of SDCL 7-8 could not give the requested remedy, that they are not considered to be an exclusive remedy. *Simpson,* 367 N.W.2d at 761; *cf. Lick v. Dahl,* 285 N.W.2d 594 (S.D.1979).

Weger argues that, in reality, he has no remedy pursuant to SDCL 7-8-28 in that the Pennington County States Attorney, who provided legal advice to the AQB, would refuse to proceed with an appeal should Weger obtain the fifteen signatures to invoke the provisions of that statute. Given the fact that Weger made no attempt to procure this petition and the minimal number of needed signatures, his theoretical argument has no basis in fact. Had he properly filed his petition, he could have availed himself of SDCL 7-16-2 which allows for the appointment of a state's attorney pro tem by the circuit court where the state's attorney has a conflict of interest or unjustifiably refuses to act.

These appeal statutes clearly attempt to strike a proper balance between the necessity of county government to operate in an efficient and orderly fashion and the right of its citizens to pursue injustices in the courts of this state through an appeal process. We agree with the observation of the trial court in this case that the appeal statutes protect the public and individual citizens from the "unfettered whims" of a county commission. However, "the overall effect of [Weger's] action, if it were permitted to exist, would be to place a Circuit Court Judge in the position of being a one person county commission. That was never meant to be."

Our prior holdings on taxpayer actions "stand for the proposition that where there is a remedy by appeal, that remedy must be followed, rather than actions in equity or at common law." *Simpson,* 367 N.W.2d at 761. SDCL 7–8–28 offers Weger a remedy by appeal and in *Barnum* we declared it the exclusive remedy; therefore, an action in equity for declaratory judgment is not available to Weger. This result is consistent with prior case law and with SDCL 7–8–32's exclusivity provision. Weger's declaratory judgment action was properly dismissed by the trial court against the county and we, therefore, affirm.

*III. Can Weger maintain a declaratory judgment action against individual members of the AQB, challenging the legality of their holding office and the legality of their actions?*

 Weger has also brought this action against four members of the Air Quality Board in their official capacity seeking their removal, declaring their positions vacant, and declaring void all actions taken by the AQB during the term of those four individuals.

This court has held in a long line of cases that quo warranto is a proper method to determine the issue of title to a public office. *Cummings v. Mickelson,* 495 N.W.2d 493 (S.D.1993); *Burns v. Kurtenbach,* 327 N.W.2d 636 (S.D.1982); *State ex rel. Rearick v. Bd. of Commr's of Lyman County,* 34 S.D. 256, 145 N.W. 548 (1914); *State ex rel. Pryor v. Axness,* 31 S.D. 125, 139 N.W. 791 (1913); *State ex rel. Walkins v. Shanks,* 25 S.D. 55, 125 N.W. 122 (1910); *State ex rel. McGee v. Gardner,* 3 S.D. 553, 54 N.W. 606 (1893).

We have departed from this rule only in instances of "exceptional circumstances" of an emergency nature involving the public interest of the entire state or a good portion of it. *Cummings,* 495 N.W.2d at 498. *See also Cummings,* 495 N.W.2d at 504 (Henderson, J., concurring in part; dissenting in part) and *Cummings,* 495 N.W.2d at 507 (Sabers, J., dissenting.) Weger fails to establish any justification for relief via a declaratory judgment action rather than proceeding in quo warranto.

While the maintenance of a quo warranto action requires certain special interests on the part of the applicant for the writ, we do not determine whether Weger meets this standard. Weger raised the issue of the legal status of the individual members of the AQB for the first time on appeal at oral argument. Failure to brief the matter supported by case or statutory authority constitutes a waiver of that issue. *Tjeerdsma v. Global Steel Bldgs., Inc.,* 466 N.W.2d 643, 644 n. 2 (S.D.1991). Thus, the Order of Dismissal as to the members of the Air Quality Board is also affirmed.

MILLER, C.J., and SABERS, AMUNDSON, and KONENKAMP, JJ., concur.