2004 SD 12

**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Brandon BRUDER, Defendant and Appellant.**

No. 22851.

Supreme Court of South Dakota.

Considered on Briefs Jan. 12, 2004.

Decided Jan. 28, 2004.

Lawrence E. Long, Attorney General, Gary Campbell, Assistant Attorney General, Pierre, South Dakota, Attorneys for plaintiff and appellee.

David M. Hosmer, Yankton, South Dakota, Attorney for defendant and appellant.

KONENKAMP, Justice.

[¶ 1.] Defendant was charged with aggravated assault against a sixteen year old boy stemming from an altercation with two boys at his home. In his trial, defendant testified that one of the boys shoved him. In response, he shoved back. According to defendant, the second boy then attempted to strike him. Defendant testified that he blocked the blow and struck the boy a single time. The boy was severely injured. Despite defendant's testimony and request for jury instructions on self-defense, the trial court ruled that defendant failed to present sufficient evidence to support such instructions. The jury returned a guilty verdict. Defendant contends on appeal that the trial court erred in refusing to instruct the jury on self-defense. Because sufficient evidence was presented to sup-

port a self-defense jury instruction, we reverse.

## Background

[¶ 2.] On Saturday, August 10, 2002, A.K., C.H., and J.F. went to the home of defendant, Brandon Bruder, to retrieve certain personal items that belonged to A.K, defendant's former girlfriend. A.K., C.H., and J.F. arrived at defendant's home at approximately 9:00 a.m. Defendant was sleeping at the time; however, upon their arrival, he arose and began assisting the others by removing his computer from a desk that belonged to A.K. Meanwhile, the two boys had begun to wash some of A.K.'s dishes that defendant had used the night before. When A.K. questioned why there were two settings of dishes, defendant responded that he and a female companion had dined together the previous evening. Defendant's revelation angered A.K. As a result, A.K. began making sarcastic and joking remarks about defendant's dinner companion.

[¶ 3.] At some point, C.H. and J.F. joined in, stating, "Why don't you have your bitch get over here and do her dishes?" Defendant also heard C.H. or J.F. comment that he was either a "punk" or a "chump." After hearing these "disrespectful" comments, defendant quickly moved to the kitchen where he intended to confront C.H. and J.F. and "lay down some ground rules," but not physically assault the pair.

[¶ 4.] Defendant approached J.F. and ordered him to be more respectful. J.F. responded, "Fuck off" and gave defendant a little shove. The shove caused defendant to take a step back. In response, defendant shoved J.F. in the chest. J.F. stumbled back, tripped on a chair directly behind him, twisted around, and fell on the floor, face first. As he fell, J.F.'s chin struck a window sill. Fearing for her safety, A.K. fled the home.

[¶ 5.] According to defendant, as he watched J.F. fall, C.H. attempted to strike him in the face. Defendant covered his face with his arm, causing C.H.'s blow to land on defendant's forearm. Defendant then struck C.H. The blow caused C.H. to fall to the ground and suffer serious injury.[1]

[¶ 6.] Defendant was charged with aggravated assault against C.H. and abuse of or cruelty to a minor, J.F. At trial, defendant offered his version of the events on that day. During settlement of instructions, defendant requested four separate self-defense jury instructions.[2] The trial

---

1. Several versions of the encounter were presented through testimony at the trial. However, at issue here is whether defendant presented sufficient evidence to warrant a jury instruction on self-defense. Therefore, it is not necessary to present every version of the events.

2. The instructions were taken verbatim from the South Dakota Pattern Criminal Jury Instructions. They read:

   2–9–1:
   Under certain circumstances it is lawful to use or attempt or offer to use force or violence upon or toward the person of another. The force or violence may be employed under the following circumstances:

1. In preventing or attempting to prevent an offense against a person; or
2. In preventing or attempting to prevent any trespass; or
3. In preventing or attempting to prevent unlawful interference with the possession of real or personal property.

   Under any of the circumstances described above, the force or violence may be used, offered, or attempted either by a person about to be injured or by another person in that person's aid or defense, but the force or violence used may never be more than sufficient to prevent such offense.

   2–9–2:
   A person who has been attacked and who is exercising the right of lawful self-defense is not required to retreat, and may not only

court denied defendant's request. As a result of the trial court's denial, the following discussion took place between defendant's counsel and the trial judge:

[COUNSEL]: I obviously object to the lack of the self-defense instruction. Under State versus Blue Thunder there is evidence to support it. I have my client who testified that there is evidence to support it. He got up on the stand and stated why he did what he did, what there was to it. There is corroboration for his statements of self-defense immediately after to Sergeant Duin and it's immediately after it. Without this instruction, Your Honor, we are being denied the right to present a defense under the Constitution. In effect, he will be denied of an absolute fair trial. And for those reasons, both statutorily, evidentiary and for constitutional reasons it's a mistake.

THE COURT: You haven't even met the minimum requirement for the self-defense defense. *State v. Bogenreif,* 465 N.W.2d 777 (1991) South Dakota: "A defendant is entitled to an instruction on his or her theory of defense if there is evidence to support it and a proper request is made. Conversely, he is not entitled to an instruction if there is no evidence to support his or her theory. The defense of self-defense is available only to prevent imminent danger of great personal injury, or to prevent an offense against one's self or property." There is just absolutely not one bit of evidence to justify any fear of great personal injury or to prevent an offense against himself or property. So it will be denied. Any other objections or exceptions to the court proposed instructions?

[COUNSEL]: Only that I disagree. He had an offense against him, touching is an assault.

THE COURT: But just *absolutely no evidence of great personal injury, which is the criteria.*

[COUNSEL]: But after that it says "offense against one's self," Your Honor.

THE COURT: If you're interpreting it as you are, you're saying danger of great personal injury or to prevent any touching, then the statute—the Supreme Court's language doesn't make any sense.

[COUNSEL]: My client testified that there was two on one, four fists against two, the combined weight was greater, and there could have been an offense against him. I mean, to say that somehow my client can't defend himself against two individuals who totally outweigh him and there are four fists against two, is to deny the fact that someone larger can never, ever under any circumstances defend themselves when there is no weapon.

THE COURT: *He never testified to any logical basis upon which he could fear great personal injury.* So—

---

defend against the attack but also may pursue the assailant until secure from danger if that course appears to the defendant, and would appear to a reasonable person in the same situation, to be reasonably and apparently necessary; and this is the defendant's right even if safety may have been more easily gained by withdrawing from the scene.
2–9–5:
  Where an assault is made with only the hands and fists but with such force and in such manner as is likely to produce great bodily injury, the person attacked may lawfully resist the attack with whatever force is reasonably and apparently necessary.
2–9–7:
  A person who defends against unlawful attack must stop the use of force as soon as danger of attack has ended. If it would appear to a reasonable person in the same position that there is no further danger, there should be no further force.

[COUNSEL]: Your Honor, but that is for the jury to decide. That is for the jury.

THE COURT: No, that's what the Supreme Court said. Have you read Bogenreif?

[COUNSEL]: Yes, and its credibility. There is evidence that it should go, then if they are to believe him, Your Honor. This is fairness, Your Honor.

THE COURT: He is not entitled to an instruction if there is no evidence to support his theory, *and there has been no evidence to support the fact that it was done to prevent imminent danger of great personal injury*. And there is no evidence to support that. . . .

(Emphasis added.)

[¶ 7.] An hour after the jurors retired to deliberate, they sent a note to the judge. They asked, "Is self-defense a considerable [sic] issue? If so, is there a definition for it?" In response, the court instructed the jury that it had, as a matter of law, determined that defendant was not entitled to claim self-defense. Subsequently, the jury acquitted defendant of cruelty to a minor, J.F., and convicted him of aggravated assault against C.H. Defendant appeals on the following issues: (1) whether the trial court erred in failing to give self-defense instructions; and (2) whether the error in failing to give self-defense instructions was so serious as to deny due process. We need not reach the second issue because the error here requires reversal on the first issue.

**Analysis and Decision**

[1–5] [¶ 8.] Defendant argues that the trial court erred in denying his request for a jury instruction on self-defense. The application of facts to a legal standard presents a mixed question of fact and law requiring us to apply a de novo standard. *State v. DeLaRosa,* 2003 SD 18, ¶ 5, 657 N.W.2d 683, 685. Criminal defendants are entitled to instructions on their theory of the case when evidence exists to support that theory. *State v. Charles,* 2001 SD 67, ¶ 19, 628 N.W.2d 734, 738 (citing *State v. Charger,* 2000 SD 70, ¶ 40, 611 N.W.2d 221, 229). This Court will not find reversible error where jury instructions, as a whole, set forth a "full and correct statement of the law." *State v. Engesser,* 2003 SD 47, ¶ 73, 661 N.W.2d 739, 759 (quoting *State v. McVay,* 2000 SD 72, ¶ 18, 612 N.W.2d 572, 576). Denial of a defendant's request for an instruction on self-defense where such a request is properly submitted and supported by the evidence is reversible error because it infringes on a defendant's constitutional right to due process. *Means v. Solem,* 646 F.2d 322, 328 (8th Cir.1980); *see also State v. Huber,* 356 N.W.2d 468, 474 (S.D.1984).

[¶ 9.] South Dakota law provides:

To use or attempt or offer to use force or violence upon or toward the person of another is not unlawful when committed either by the party about to be injured, or by any other person in his aid or defense, in preventing or attempting to prevent an offense against his person or any trespass or other unlawful interference with real or personal property in his lawful possession; provided the force or violence used is not more than sufficient to prevent such offense.

SDCL 22–18–4.

[¶ 10.] The trial court erroneously applied a heightened standard in determining whether to allow defendant's requested instruction on self-defense. During settlement of instructions, the court repeatedly referred to defendant's duty to demonstrate that his actions were "done to prevent imminent danger of great personal injury." That standard applies to homicide cases. South Dakota law places no such duty on a defendant who claims self-

defense where defendant's actions did not result in a homicide. In concluding that defendant was not entitled to the instruction, the trial court relied on the reasoning in *State v. Bogenreif*, 465 N.W.2d 777 (S.D. 1991). In *Bogenreif*, we stated, "The defense of self-defense is available only to prevent imminent danger of great personal injury, SDCL 22–16–35, or to prevent an offense against one's self or property, SDCL 22–18–4." 465 N.W.2d at 781. SDCL 22–16–35 provides:

> *Homicide is justifiable* when committed by any person in the lawful defense of such person, or of his or her husband, wife, parent, child, master, mistress, or servant when there is reasonable ground to apprehend a design to commit a felony, or to do some *great personal injury, and imminent danger of such design being accomplished.*

(Emphasis added.) Clearly, that discussion merely pointed to the two statutes under which a defendant might claim the defense of self-defense. Because defendant's actions did not result in a homicide, it was enough that defendant's actions were done to prevent an assault against him. The trial court's application of the elements of SDCL 22–16–35 was erroneous.

[¶ 11.] Here, defendant presented evidence that supported his theory that striking C.H. was necessary to fend off an assault by C.H. Where "the individual situation required an immediate response ... to prevent unlawful force from being inflicted upon [defendant] or another," the claim of self-defense is available under SDCL 22–18–4. *Bogenreif*, 465 N.W.2d at 781. Defendant testified that C.H. and J.F. were the aggressors and that he pushed J.F. only after J.F. pushed him and struck C.H. only after C.H. struck him.

[¶ 12.] The State argues that because defendant was much larger than either C.H. or J.F. and because defendant did not indicate that "he was in fear of any kind," he should not be permitted to argue that his actions were in self-defense. The State also argues that defendant's "massive retaliation" resulting in C.H.'s severe and permanent injuries should preclude such an assertion because it went beyond what was necessary to prevent the offense. First, we note that our law does not require one to be smaller than an attacker to lawfully use force to prevent an attack. Nor does SDCL 22–18–4 require one to be fearful of the results of such an attack. Second, it may be reasonably necessary to strike an attacker with one's fist in order to prevent the attacker from striking. Here, defendant asserts that C.H. attempted to strike him. It was the jury, not the trial court, who should have determined whether defendant's response was reasonably necessary.

[¶ 13.] Reversed.

[¶ 14.] GILBERTSON, Chief Justice, and SABERS, ZINTER, and MEIERHENRY, Justices, concur.